FERDINAND WINELAND v. FELIX COONCE.

1. In order to file a transcript of a judgment obtained before a justice of the peace, in the clerk's office, for the purpose of making it a lien on the real estate of the debtor, it is not necessary for the creditor to wait until an execution has been issued by the justice, and returned *nulla bona;* but this must be done before the clerk can issue an execution on the transcript, and a certified copy from the justice of such execution as he has issued, and return thereon, is legal evidence of the fact, sufficient to authorize the clerk to issue an execution.

2. A bona fide purchaser, for a valuable consideration, from a fraudulent grantee, without notice of the fraud, shall hold the property against the creditors of the fraudulent grantor.

*J. Spalding,* counsel for plaintiff in error:

1. *The transcript of the executions and constable's return thereon, of Scott & Rule v. Molloy, was improperly admitted in evidence,* inasmuch as the same should have been filed in the clerk's office in order to warrant an execution.

2. *The title of defendant, under Finneys, Keyte & Mullikin, all of them bona fide purchasers for value, without notice of fraud, is good*—Old Rev. Code, p. 101-2, sec.

3; Bac. Abr. 307–8–9; 13 Johns. Rep. 471; 18 do. 515; 2 Sugden on Vendors, 198; 6 Cranch, 133.

3. The judgment and execution in favor of Mullikin were against both Molloy & McCaffery, both the fraudulent grantor and fraudulent grantee, and the sale on this judgment was eighteen months sooner than on the other judgment of Scott & Rule, and this latter judgment, not being accompanied with a copy of the execution and constable's return, was no notice to any person, as on its face it appeared altogether defective as an authority for the sheriff to sell.

*H. R. Gamble,* counsel for defendant in error:

1. The deed from Molloy to McCaffery being fraudulent and void as to Scott & Rule, the title to the premises so remained in Molloy as to be subject to the lien of Scott & Rule's judgment—Rev. Laws of 1825, 484, 462, 369.

2. It was not necessary, in showing title in this case in the plaintiff, that the transcript of the judgment before the justice, filed in the clerk's office, should have contained a copy of the execution issued by the justice; nor is it necessary to produce any evidence that, before the clerk issued his execution, it was proved to him that the justice had issued an execution—Rev. Code, 1825, 483, sec. 30; Coonce v. Monday, 3 Mo. Rep. 373.

McGirk, Judge, delivered the opinion of the court.

Coonce brought an action of ejectment against Wineland for a lot of ground in the city of St. Louis, in the circuit court of St. Louis county. Plea, not guilty. The cause was tried by the court without a jury. A verdict and judgment were given for the plaintiff, Coonce. To reverse this judgment, the cause is brought here. It appears by the record, that sometime before the 13th of July, 1829, one Molloy was indebted to Scott & Rule of St. Louis, and at the same time he was indebted to one Charles Mullikin; and that, also, prior to said 13th July, 1829, he, Molloy, owned the lot of ground sued for; that on the 13th of July, Molloy, to defeat and defraud these creditors, made a deed of the lot to one McCaffery, who took the same with like knowledge and intent; that on the 20th July, this deed was recorded. On the 6th of August, 1829, Mullikin commenced suit before a justice. Scott & Rule commenced suit against Molloy before a

JUNE TERM,
1838.

Wineland
v.
Coonce.

justice 25th September. Mullikin had judgment before a justice 15th August. Scott & Rule had judgment before a justice on the 26th October; on the 28th they filed their transcripts in the clerk's office; on the 27th October, Scott & Rule took execution from the justice against Molloy; on the 14th of April, 1831, an execution issued against Molloy from the clerk's office on the justice's judgment; it was levied on the lot, and sold to Scott & Rule; the sheriff made them a deed 18th August, 1831, and they recorded the same 25th August, 1831; they then sold to Coonce. From the judgment of Mullikin, rendered before the justice on 15th of August, 1829, Molloy appealed to the circuit court, and gave McCaffery as security; on the 18th January, 1830, judgment on the appeal was given against Molloy and McCaffery in the circuit court; execution issued against them on the 5th of March from the circuit court, and was levied on the lot, and sold 30th March, by the sheriff, to Mullikin; a deed was made by the sheriff to him that day, and recorded 2d of April, 1830; then Mullikin sold to Kevte 1st April, 1830, under whom Wineland claims. With regard to the respective dates and registry of the mesne conveyances, I will take no notice, as I deem it immaterial.

In order to file a transcript of a judgment obtained before a J. P. in the clerk's office, for the purpose of making it a lien on the real estate of the debtor, it is not necessary for the creditor to wait until an execution has been issued by the justice, and returned *nulla bona*; but this must be done before the clerk can issue an execution on the transcript, and a certified copy from the justice of such execution as he has issued, and return thereon, is legal evidence of the fact, sufficient to authorize the clerk to issue an execution.

It appears that the fact, that an execution had been issued by the justice and returned *nulla bona*, was proved by the production of a certified copy from the justice. It was insisted by the counsel that this could not be done, but that before the party can file his judgment in the clerk's office, he must wait till the justice issues an execution, and till the same is returned *nulla bona*; then he can take a transcript of the whole to the circuit court and have his lien to commence. The law says the judgment of the justice shall be a lien on the land of the defendant from the time of filing the same in the clerk's office, but forbids that lien to be enforced by execution from the clerk's office till it is ascertained the goods of the defendant are insufficient to pay the debt. What the evidence shall be to prove the fact, the act does not declare. It is then to be proved, when an action arises to require it, by legal testimony. By our law, a certified copy from the justice is such evidence—see Rev. Code, 1835, p. 250, sec. 4th, of the act concerning evidence.

The next point for consideration is, whether the bona fide purchaser from a fraudulent grantee, for a valuable consideration, without notice of the fraud, shall hold the property against the creditors of the fraudulent grantor.

In this case, Molloy being indebted to both Mullikin and Scott & Rule, to defeat them, fraudulently conveyed to McCaffery. Neither Scott & Rule nor Mullikin had any knowledge of this fraud. Then they both sued Molloy before a justice, and had judgment; from the judgment in favor of Mullikin, Molloy appealed, and gave this McCaffery for his security, and the circuit court gave judgment against both, and on the execution the sheriff sold the lot, as the lot of McCaffery to Mullikin. This then is still the same question. What would the law be in case McCaffery had sold it himself to a bona fide purchaser for value, who had no notice of the fraud at the time of the purchase?

JUNE TERM, 1838.

Wineland v. Coonce.

A bona fide purchaser, for a valuable consideration, from a fraudulent grantee, without notice of the fraud, shall hold the property against the creditors of the fraudulent grantor.

This brings up the consideration of the statute of this State respecting fraudulent conveyances.

The act which was in force at the time this transaction took place, is to be found in the R. Code of 1825, p. 401; by the 2d sec. of which it is declared that "every gift, grant or conveyance of land, &c. made or contrived of malice, fraud, covin, collusion, or guile, to the intent or for the purpose of delaying, hindering, or defrauding creditors of their just and lawful actions, suits, debts, &c. or to deceive those who shall purchase the same, shall henceforth be deemed and taken (except against the person making the same and his representatives) to be clearly and utterly void."

Upon the statute, Mr. Gamble, of counsel for Coonce, contends that, as the deed is utterly void as to all the creditors of Molloy, the first person who sells Molloy's right by execution, and purchases the same, has the clear legal right. This cannot be true according to the proviso of the act, for by the 4th section of the act, it is also expressly enacted, that "this act shall not extend to any estate or interest in any land," &c. which shall be upon valuable consideration, and bona fide and lawfully conveyed as aforesaid, nor to any person or persons, body politic or corporate, who may be subsequent purchasers for valuable considerations, without notice. This proviso fits the very case at bar. What was Mullikin but a subsequent purchaser of McCaffery's right, for a valuable consideration, without notice?

The act does not say what sort of subsequent purchaser shall not be affected by it, whether a subsequent purchaser of the fraudulent vendor or vendee, but must apply and be applied to the the purchasers of the vendee, where there is one, rather than to the purchasers of the fraudulent vendor, after he has already parted with all

JUNE TERM, 1838.

his interest, for the act declares that as to him his title is forever gone, unless creditors know of the fraud and pursue it in time.

But on this point we are not without light. Our statute is, in the first part, a copy of the statute of 13 Eliz. and the latter part, regarding subsequent purchasers, is a copy of 27th Eliz. These statutes, in some form or other, with their proviso, have been before the English and American courts, in at least twenty instances, and the decisions have been uniformly, that a person being in the condition Mullikin was when he purchased the lot, would hold it against the world—see 2 Sugden, 198, to this point; 3 Bac. Abr. 307-8-9, and the division thereon *passim;* 13 John. R. 471; 18 do. 515; 6 Cr. R. 133.

The foregoing is enough to settle the doctrine, and nothing has been shown to the contrary.

I am of opinion the judge erred in deciding the law for Coonce. The judgment of that court, the other judges concurring herein, is reversed and remanded for a new trial.