CONOVER et al., Plaintiffs in Error, v. BERDINE.

69  125
166  268

**Fraud**: REPUTATION FOR INSOLVENCY MAY BE SHOWN, WHEN. In support of a charge that defendant knew that certain notes were worthless when he induced plaintiff to accept them in payment for property, it is competent to show that the maker of the notes was, at the time, reputed, in the community where he and the defendant lived, to be wholly insolvent.

Error to Jackson Circuit Court.—HON. SAM'L L. SAWYER, Judge.

J. E. Havens for plaintiffs in error.

A. A. Tomlinson for defendant in error.

HOUGH, J.—This was an action to recover the price of a piano sold by the plaintiffs to the defendant, in payment for which the defendant transferred to the plaintiffs, by delivery, the promissory notes of one J. E. Morris, amounting in the aggregate to $549.65, which notes the plaintiffs alleged the defendant falsely and fraudulently represented would be paid at maturity, well knowing at the time that the said Morris, who resided in Atchison county, Kansas, was wholly insolvent, and that said notes were worthless. It was further alleged that plaintiffs accepted said notes in payment, relying upon the representations aforesaid.

All the notes were reduced to judgment, and a return of nulla bona was made under each judgment. During the progress of the trial, the plaintiffs, with a view of showing that the defendant had knowledge of the insolvency of Morris, " offered to prove by a witness who resided in Kansas City that Morris was notoriously insolvent by the statements made to him by merchants, bankers and others in the city of Atchison, in which city the defendant resided." This testimony was excluded, and the finding of the court was for the defendant.

No instructions were given or prayed, and the admissibility of the testimony offered is the only matter to be

determined. In the case of *Benoist v. Darby*, 12 Mo. 196, where it was sought to prove knowledge on the part of one individual of the insolvency of another, testimony as to the opinion both of the public and the witness of the pecuniary condition of such person was held to be admissible. The court said that where particular knowledge of a fact is sought to be brought home to a party, evidence of the general reputation and belief of the existence of that fact among his neighbors, is admissible to the jury as tending to show that he also had knowledge as well as they. The same principle was recognized in *Dickerson v. Chrisman*, 28 Mo. 134. In *Lee v. Kilburn*, 3 Gray 594, it was held that on an issue whether the defendant had reasonable cause to believe certain persons to be insolvent, it was clearly competent to show that they were reputed to be insolvent. To the same effect are the cases of *Bartlett v. Decreet*, 4 Gray 113, and *Carpenter v. Leonard*, 3 Allen 32. So, also, in the case of *Sheen v. Bumpstead* 1 H. & C. Ex. Rep. 357, which was an action for fraudulently representing that a trader was trustworthy, it was said that evidence of the reputation of such trader's state of solvency amongst the tradesmen where he did business, was admissible. The offer made in the case before us is awkwardly worded and rather indefinite, but we are inclined to regard it as an offer to prove, not simply the statements made by the bankers, merchants and others to the witness relative to the solvency of Morris, but the fact that Morris was notoriously insolvent, and that he knew such fact from the statement of the bankers, merchants and others to him in Atchison. According to the authorities cited it was certainly competent to show that Morris was generally reputed to be insolvent, and the means of knowledge of the witness would be a proper subject of inquiry on cross-examination. The judgment must, therefore, be reversed and the cause remanded. All concur.

REVERSED.