MILLS, *Plaintiff in Error*, v. THOMPSON.

**Fraudulent Conveyances.** The doctrine of the cases of *Claflin v. Rosenberg*, 42 Mo. 439; *Wright v. McCormick*, 67 Mo. 426, and *Stern v. Henley*, 68 Mo. 262, in relation to fraudulent conveyances, is re-affirmed.

*Error to Cooper Circuit Court.*—HON. G. W. MILLER, Judge.

AFFIRMED.

The plaintiff, Mills, interpleaded in an attachment suit, wherein Thompson had caused certain horses to be levied on as the property of Samuel and R. E. Maxwell. Mills claimed the horses by virtue of an alleged sale from Samuel Maxwell. On the other hand evidence was offered to prove that the sale was to R. E. Maxwell, and the jury so found. Plaintiff sued out a writ of error.

*John Cosgrove* for plaintiff in error.

*E. R. Hayden* and *J. H. Johnston* for defendant in error.

NAPTON, J.—It is difficult to conjecture why this case is brought to this court. The controversy is manifestly one of fact and involves only a few dollars, and the jury that tried it was infinitely more competent to decide it than this court. The instructions given by the court, although criticism is made on their phraseology, seem to conform substantially to the law as declared by this court in *Claflin v. Rosenberg*, 42 Mo. 439, and followed since up to the latest

decisions in *Wright v. McCormick*, 67 Mo. 426, and *Stern v. Henley*, 68 Mo. 262.

The instructions present the case fairly to the jury. They are as follows:

5. If the jury should find from the evidence that Samuel Maxwell was the owner of the property, and that he sold and delivered the property in question to Mills, and that Mills took actual possession thereof, and continued in possession thereof as against Samuel Maxwell, from that time until they were attached, and if the jury further finds that Mills let R. E. Maxwell take said team to use only as a gratuity or accommodation to the said R. E. Maxwell, then the possession of said Maxwell at such times as he had said team in his possession, was in law the possession of Mills, and the jury must find a verdict for the plaintiff, Mills.

6. The jury are instructed, that if they find from the evidence in this case, that Mills, at the time he claims to have purchased the said horses and other property of Samuel Maxwell, was a creditor of the said Maxwell, or that he, the said Mills, was Samuel Maxwell's security on a note, payable in bank, and, also, another note payable to one Ragland; and, if the jury further find that the sale of the property by Maxwell to Mills was made in good faith, in payment of an existing debt which Samuel Maxwell owed to said Mills, or that the said property was assigned and transferred to Mills to indemnify him, as such security, as aforesaid, and that upon such sale or transfer, possession of the property was given to the said Mills, and that the said Mills continued in possession thereof up to the date of issuance of the attachment; and that afterward and before the issuance of the attachment in this case, the said Mills did, in pursuance of his said agreement with Samuel Maxwell, pay the debts of Samuel Maxwell, on which he, Mills, was security, then the jury are instructed that they should find for the plaintiff, Mills.

7. The jury are instructed that the sale of the horses

in controversy, to the plaintiff, Mills, by either Samuel Maxwell or R. E. Maxwell, was void as against the defendant, Thompson, and other creditors, of either the said Samuel or R. E. Maxwell; unless it appears from the evidence that such sale was accompanied by a delivery of the horses sold to plaintiff, in a reasonable time, regard being had to the situation of said horses as to facility for delivery, and that such delivery of the horses was followed by an actual, not formal, and continued, not temporary, change of possession of said horses, as to Samuel Maxwell, down to the time of the levy of the writ of attachment of Thompson by the constable; and that such change of possession was visible, open and notorious; and, unless they so find, their verdict must be for the defendant, although they find that Mills made the purchase in good faith.

9. If the jury should find from the evidence that R. E. Maxwell acted as the agent of Mills in the purchase of the property in question, and that said property was delivered into the possession of said Mills by Samuel Maxwell, or by his direction, and that the purchase was made by Mills, in good faith and for a valuable consideration, and that he continued to use the same, and held it out to the world as his property, then the jury should find a verdict for Mills, unless they shall find the facts to be as stated in defendant's instructions.

It is difficult to see how these instructions could be more explicit or clear, or how any objections could be made to them, especially by the interpleader, Mills.

The declarations of R. E. Maxwell, while in possession of the horses, were given in evidence to contradict his testimony at the trial, and this is objected to on the ground that the horses were previously sold to the interpleader, Mills, but that was the very point in dispute, whether such sale was *bona fide* or not. The objection is untenable. The judgment is affirmed, with the concurrence of all the judges.