GORDON *et al.*, Appellants, v. RITENOUR.

1. **Evidence**: INSOLVENCY : COMMON REPORT.   Common report of a
person's insolvency is admissible upon the issue whether another
knew of such insolvency or had reasonable ground to believe it.

2. ———: COMMON REPORT.   Common report of one's intention to
defraud his creditors in incumbering his property is not admissible
to charge another with knowledge of such purpose.

3. **Notice.**   A *lis pendens* notice filed under Revised Statutes, section
3217, is notice only of the result of the suit.

4. **Evidence.**   Where the vendor of property remains in possession
openly as the lessee of the vendee, making no claim to the owner-
ship of the property, his declarations as to such possession are
inadmissible against the vendee.

5. **Fraudulent Conveyance.**   A fraudulent conveyance will not
be set aside at the instance of creditors to the prejudice of a *bona
fide* purchaser from a fraudulent grantee.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH
ROBINSON, Judge.

AFFIRMED.

*I. Hall* for appellants.

(1) The court erred in excluding the evidence
offered to show the general notoriety of the suits against

Humphrey and of the general report and belief amongst Carson's neighbors as to Humphrey's purpose in incumbering his property. *Benoist v. Derby*, 12 Mo. 196; *Dickerson v. Chrisman*, 28 Mo. 139; *Conover v. Berdine*, 69 Mo. 125. (2) The court should have admitted the petition in *Hall v. Humphrey*. Bump on Fraud. Convey. 565. (3) The court should also have admitted Humphrey's statements upon his examination on oath as a judgment debtor. Bump on Fraud. Convey. 566–8; 1 Greenlf. Ev., sec. 190; *Adams v. Davidson*, 10 N. Y. 309. (4) The evidence in the case is clearly sufficient to warrant the relief appellants sought. The fraudulent purpose of Humphrey was virtually admitted and Carson and defendant were cognizant of it. (5) Carson, knowing Humphrey's purpose to hinder, delay or defraud creditors by the sale of the property, or having notice of facts sufficient to put him on inquiry, his purchase was void as to proven creditors, although he may have paid for it. *Murray v. Cason*, 15 Mo. 379; *Knox v. Humphrey*, 18 Mo. 174; *Johnson v. Sullivan*, 23 Mo. 474. (6) Carson should have seen to it that Humphrey paid off his debts if he bought from him with the understanding he would do so. Bump. on Fraud. Convey. 206. (7) Humphrey's guilty purpose being admitted and so clearly shown by the evidence, the burden was upon defendant to produce all the proof that may reasonably be supposed within his power to show the fact of payment of the consideration by himself and by Carson, and their honesty in the matter—where the money came from and where it went. Bump. Fraud. Con. 53; *Cass Co. v. Green*, 66 Mo. 499. (8) Defendant should have called Humphrey, living at Moberly, Missouri, only thirty seven miles away, to help prove payment to him and what was done with the money. And the fact that he did not, makes strongly against him. *Henderson v. Henderson*, 55 Mo. 559; Bump., 54, 206; *Cass County*

*v. Green, supra; Baldwin v. Whitcomb,* 71 Mo. 651. (9) Carson and defendant were brothers-in-law, having intimate and confidential relations, as defendant swears and as some of the facts show, and stricter proof of the payment of the consideration and fairness of the transaction was called for. Bump. 55-6-7; *Leavitt v. La-Force,* 71 Mo. 353.

*Macfarlane & Trimble* for respondent.

(1). No error was committed in excluding the testimony sought from witnesses Steele and Ricketts as to a prevalent rumor in the neighborhood concerning Humphrey's purpose in making conveyances years before. *Hedges v. Wallace,* 2 Bush (Ky.) 442.; *Governor v. Campbell,* 17 Ala. 566; *Dickerson v. Chrisman,* 28 Mo. 139. (2) The court rightly excluded the petition in the case of *Hall v. Humphrey, Stearns v. Gage,* 79 N. Y. 102; *Metcalf v. Smith,* 40 Mo. 572; *Samuels v. Shelton,* 48 Mo. 144; *Fenwick v. Gill,* 38 Mo. 510; *Herrington v. Herrington,* 27 Mo. 560. (3) The statements made by Humphrey in another case was incompetent. He had then parted with the property to Carson. Bump. on Fraud. Convey. 582. (4) There was no material conflict in the evidence offered by defendant. The evidence satisfactorily showed that Carson paid a full consideration to Humphrey for the land and that defendant paid full value to Carson. (5) Carson's knowledge that Humphrey was indebted and that suits were pending against him is not sufficient to charge Carson with notice of Humphrey's fraudulent purpose. Nor would a mere want of caution in dealing with Humphrey implicate Carson in the fraud. *Stone v. Spencer,* 77 Mo. 356; *Rupe v. Alkire,* 77 Mo. 641.; *Buckner v. Stine,* 48 Mo. 407. (6) Carson must have known of Humphrey's fraudulent intent and must have participated in his fraudulent purpose in order to affect the title to the

property bought. *Durkee v. Chambers*, 57 Mo. 575; *Henderson v. Henderson*, 55 Mo. 534; *Ames v. Gilmore*, 59 Mo. 537; *Knox v. Hunt*, 18 Mo. 174; *Little v. Eddy*, 14 Mo. 160. (7) Carson's purchase being made without knowledge of Humphrey's fraud he conveyed good title to defendant, although he may have been advised of Humphrey's fraudulent purpose before the sale to defendant, and thought defendant knew of it. Waite on Fraudulent Conveyances, sec. 384; 1 Story's Eq. Jur. 409. (8) Even if Carson had bought the property for the purpose of assisting Humphrey to defraud his creditors, still defendant having no knowledge of the fraud or conspiracy at the time he bought he took good title. *Webster v. Van Steinberg*, 46 Barb. 211; *Kean v. Newell*, 1 Mo. 754; *Wineland v. Coonce*, 5 Mo. 296; *Howe v. Waysman*, 12 Mo. 169. (9) The questions of fact in this case were passed on by a jury who knew all the witnesses and knew how much weight to attach to their testimony. And again by the chancellor after verdict and found for defendant. The former triers of fact were more fully informed therein than this court can be from the highly colored statement of evidence contained in the bill of exceptions. This court will not reverse the finding of the jury and the chancellor, except upon the strongest conviction that the case was erroneously decided.

BLACK, J.—Humphrey owned the property in question, consisting of lots in and about Mexico, Audrain county. He conveyed them to Carson on October 1, 1878, who conveyed the same to defendant January 2, 1879. Humphrey was surety for Purdy, public administrator, who had made default. Suits were and had been for a long time pending against them on the bond, in which suit judgments were rendered some seventeen days after the date of the deed to Carson. The plaintiffs purchased under those judgments for the benefit of

the creditors and seek to set aside the deeds to Carson and to defendant, on the ground that the first was in fraud of Humphrey's creditors and the latter was without consideration and accepted with knowledge of the fraud.

No doubt is entertained but Humphrey sold the property to defraud his creditors. Carson did not confederate with him in that purpose, but the questions are (1) did he purchase with knowledge of the intended fraud on the part of Humphrey, and (2) did defendant purchase with like knowledge. Many questions as to the competency of evidence offered by the plaintiff are made and will be first considered.

1. In 1873 Humphrey incumbered his property with two deeds of trust, both of which were evidently fictitious. The general question was asked several witnesses whether it was not reported and believed in the community that Humphrey incumbered his property to defraud his creditors, answers to which were, properly, we think, excluded. Upon an issue whether defendant knew of the insolvency of another, or had reasonable grounds to believe such person to be insolvent, common report of his insolvency is admissible. *Benoist v. Kerby*, 12 Mo. 196 ; *Conover v. Berdine*, 69 Mo. 125. So upon investigation of an alleged fraudulent conveyance, evidence of reputation of the solvency and credit of the parties often becomes a circumstance proper to be put in evidence. Waite on Fraud. Con., sec. 275. But common report of a party's intention in purchasing goods, it is held, is not competent to charge the vendor with knowledge of such intent. *Hedges v. Wallace*, 2 Bush, 442. Here the evidence is not offered to prove the knowledge put in issue, but to prove notice of the fraud in the deeds of trust, and from that deduce the further conclusion of notice of fraud in the transaction in question. The evidence was not only second hand, but too remote to be of any value.

2.  Knowledge by Carson of the pendency of the suits against Humphrey was proved by direct evidence, admitted by Carson himself, and hence evidence of common report of that fact was wholly useless.

3.  Nor did the court err in excluding the petition in the case of *Hall v. Humphrey.* That suit involved alone what are called the Farber lots, which were included in the deed to Carson and to defendant, but they are not in question in this suit. The issues there tendered were that Purdy had, by means of deeds to one and from him to another, vested the title to those lots in Humphrey to defraud his, Purdy's, creditors. By reason of the equitable notice of that suit, filed under the provisions of section 3217, Revised Statutes, and which was read in evidence, Carson and defendant took those lots subject to the result of that suit. If Carson or defendant had actual notice of the pendency of that suit, the petition, perhaps, might have been read as one among other circumstances going to show knowledge of such facts as were calculated to awaken a suspicion of Humphrey's dealings with the property. But no evidence of actual notice was offered, and the petition could be no notice to them unless made so by the *lis pendens*, and that could do no more than charge them with the result of that suit.

4.  Humphrey's statements made in 1879, after the sale to Carson, in an examination on a return on an execution against him of "no property," to the effect that Carson held his two notes, at the time of sale, one for one thousand and the other for two hundred dollars, and that they were not turned in as part of the consideration, were properly excluded. After the vendor has parted with the property and its possession, his declarations cannot be given in evidence against the vendee. *Stewart v. Thomas,* 35 Mo. 207 ; *Enders v. Richards,* 33 Mo. 598 ; *Weinrich v. Porter,* 47 Mo. 293. But where the vendor continues in possession his acts

and declarations are competent as characterizing the possession. *Mills v. Thompson*, 72 Mo. 367; *Ry. Co. v. Clark*, 68 Mo. 374; *Darrett v. Donnelly*, 38 Mo. 492; Whart. L. of Ev., sec. 1166. Humphrey, it is true, was then in possession, but he was there openly and confessedly as the lessee of Carson, making no claims to ownership or control of the property, and the statements, at most, only related to the original sale and the terms of it, and were not fairly within the rule which admits the declarations of the vendor against the vendee, even in cases of alleged fraud.

5. Carson paid $5000 for the property at the date of the deed to him, part in money and part in Callaway county bonds. The sale, however, was a hasty affair without much previous known negotiations. Carson knew these suits were pending and must come to trial at an early day. He knew the two deeds of trust on the property from 1873, one to Evans, who was a man of no means as he knew, the other for $5000 payable to the Mexico Savings Bank. This note Humphrey produced marked "paid in full" and agreed to procure a release from a brother in Illinois who appeared to be the assignee, though in fact he was not. Carson says Humphrey's attorney first told him that the property was for sale, that he could make a good thing out of it; that Humphrey would sell cheap. He also says he was a little afraid of the suits, but the attorney told him he had defeated the suits once and would do so again, and that Humphrey said he wanted to sell to pay his debts.

A continued disposition on the part of Humphrey to cover up his property was quite apparent, for there is no pretense that those deeds of trust were paid at the time the deed to Carson was made. Humphrey was making a clear sweep of his property and this Carson must have known, for his position of cashier of a bank in the same town, and seventeen years acquaintance with Humphrey must have given him a reasonable

knowledge of the latter's affairs. These circumstances do certainly make evidence to the effect that Carson must have seen that Humphrey was making the sale to defeat and delay his creditors.

Ritenour, at the date of the deed to him, resided in Virginia, but was at Mexico on a visit to Carson, his brother-in-law. He appears to have had money in the hands of Carson to loan to the amount of $10,000 for years previous, and brought some five or six thousand dollars additional with him. He paid Carson $5250 for the property. He was at Mexico but a few days, ex- amined the property, in a general way with Carson, but not critically. The deed was a warranty deed except as to the Farber lots. He left the property in the hands of Carson to collect rents, etc. On the other hand, he was wholly unacquainted with Humphrey and his affairs. He had trusted Carson before with his money ; could not have known much about the value of property here, and it was not unreasonable he should trust Carson for information in this respect. If he came here to help Carson out of a bad place, the record fails to disclose satisfactory evidence of that fact. He has resided in Mexico since 1880 ; his deposition was taken in this case by plaintiff long before the trial, so that there was ample time to disprove his statements if not true. He must be regarded as a purchaser for value without notice of the previous fraud. If Carson's title was subject to be de- feated by the creditors, still the judgment was right, for the doctrine is now very well settled that a fraudu- lent conveyance will not, at the instance of creditors, be vacated to the prejudice of a *bona fide* purchaser from a fraudulent grantee. Waite on Fraud. Con., sec. 387 ; *Howe v. Waysman*, 12 Mo. 169 ; *Wineland v. Coonce*, 5 Mo. 296. Affirmed. The other judges concur.