LEVI L. ASHBROOK ET AL., Appellants, v. ROSELLE DALE, Respondent.

### St. Louis Court of Appeals, November 8, 1887.

1. NUISANCE—BROTHELS—CONTRACTS, ILLEGAL.—A brothel is a nuisance at common law, and a contract to rent a house to be used as a brothel is illegal, irrespective of the statute.

2. ———— EVIDENCE.—The fact of the existence of the brothel being established, the reputation of the house as a brothel is admissible to charge persons with knowledge of its existence.

3. ———— CONTRACTS—EXPRESS AND IMPLIED.—Recovery may be had on an implied contract, for the reasonable value of the use and occupation let under an express contract which fails for informality, but not where it fails for illegality.

APPEAL from the St. Louis Circuit Court, LEROY B. VALLIANT, Judge.

*Affirmed.*

M. KINEALY and JAMES R. KINEALY, for the appellants: The answer sets up no defence, as prostitution is tolerated by law in St. Louis and renting a house for that purpose is no offence. *Givens v. Van Studdiford*, 86 Mo. 149 ; *The State v. De Bar*, 58 Mo. 395 ; *The State v. Clark*, 54 Mo. 17 ; Greenhood on Pub. Pol. 4. Witnesses Wolff, Hogan, and Hobbs should not have been allowed to testify that the house, 722 Market street, had the general reputation of being a house of prostitution. *Loehner v. Ins. Co.*, 17 Mo. 247, 258. The instruction asked by the plaintiff to the effect that if the jury found that any witness was a common prostitute they might take such fact into consideration in weighing the testimony of any such witness should have been given. *The State v. Shields*, 13 Mo. 236 ; *Deer v. The State*, 14 Mo. 348 ; *The State v. Bree-*

*den,* 58 Mo. 507; *The State v. Grant,* 79 Mo. 113, 133; *Commonwealth v. Murphy,* 14 Mass. 387; *Spears v. Forrest,* 15 Vt. 435.

D. D. FASSETT and T. J. ROWE, for the respondent: Whenever the contract a party seeks to enforce, be it express or implied, is expressly, or by implication, prohibited by common law or statute law, no court, either law or equity, will lend assistance to give it effect. 1 Rev. Stat., 1879, sects. 1550–51; 2 Chitty on Cont., p. 971, and notes *a* and *g;* Bishop on Cont., sects. 471, 506; Leake on Cont. 723; Greenhood on Pub. Pol. 202*b,* and notes; *Railey v. Jordan,* 122 Mass. 233; 2 Chitty on Cont. 980; Leake on Cont. 763–4; *Sprague v. Rooney,* 82 Mo. 493. A bawdy-house is a public and common nuisance *per se. Givens v. Van Studdiford,* 4 Mo. App. 503; *Clementine v. The State,* 14 Mo. 115; *Givens v. Van Studdiford,* 86 Mo. 156; *Summers v. Summers,* 54 Mo. 340; *Tyler v. Larrimore,* 19 Mo. App. 445; *Keating v. Hyde,* 23 Mo. App. 555; *McCoy v. Green,* 83 Mo. 626; *Kent v. Miltenberger,* 13 Mo. App. 503; *Buckingham v. Fitch,* 18 Mo. App. 91.

ROMBAUER, J., delivered the opinion of the court.

The action is for rent, and the defence rests on the sole ground that the premises were knowingly let by the landlord for the purpose of being used and kept as a bawdy-house, and were so used during the period of occupancy in question. The cause was tried by a jury who found a verdict for the defendant.

The plaintiffs assign for error that the answer states no defence, because sections 1550 and 1551, Revised Statutes, upon which it rests, have been decided not to apply to the city of St. Louis. *The State v. DeBar,* 58 Mo. 395; *Givens v. Van Studdiford,* 86 Mo. 149. The answer simply claims the illegality of the transaction. A bawdy-house is a common nuisance *per se,* and to conduct such a place or lease property for such a purpose is a public wrong. *Givens v. Van Studdiford,*

86 Mo. 156. The fact that the statute above referred to has no application to the city of St. Louis, can not render that lawful which is unlawful irrespective of the statute. If the plaintiffs claim that, owing to some authorized local regulation, it was not unlawful to keep such a house in the city of St. Louis, it was incumbent upon them to show it.

Complaint is made that the court erred in admitting illegal evidence against the plaintiffs' objections; that evidence touching the reputation of the house should have been excluded, as well as a petition signed by the plaintiff husband, and others, asking for a stay of proceedings in a contemplated removal of the tenantry of the block, by the city authorities. Evidence of reputation or common report is admissible, not for the purpose of proving the existence of the fact as it is reported to be, but to show that the person sought to be charged with knowledge of the fact had reasonable grounds to believe in its existence. *Conover v. Berdine*, 69 Mo. 126; *Gordon v. Ritenour*, 87 Mo. 58. Testimony which is admissible for any purpose can not be excluded. *Union Savings Association v. Edwards*, 47 Mo. 449. There was, therefore, no error in admitting that testimony. Whether the petition, signed by the plaintiff husband, was properly admitted or not is not material in view of the fact that it was merely cumulative testimony, and the element of knowledge on his part, which it tended to prove, was substantially established by the weight of other evidence, direct and circumstantial.

The plaintiffs asked the following instruction, which the court refused:

"The court instructs the jury, that in order to defeat the plaintiffs in this action, the jury must find that the premises in question were rented by the plaintiffs to the defendant for the purpose of being used as a brothel or bawdy-house, and the mere fact that they were so used by the defendant can not, of itself, defeat the plaintiffs in this action."

The court, of its own motion, gave the following instructions :

"The court instructs the jury that, in order to defeat the plaintiffs in this action, the jury must find that the premises in question were rented by the plaintiffs to the defendant for the purpose of being used as a brothel, or bawdy-house, and the fact that they were used by the defendant for that purpose can not of itself defeat the plaintiffs in this action, unless the jury also believe that, at the time, the premises were rented to the defendant, the plaintiff, or her agent, Levi L. Ashbrook, was aware that the premises were rented for that purpose."

"If the jury believe, from the evidence, that during the whole period for which the rent is claimed in the petition, the premises were rented from month to month, and that, for a month or more prior to the beginning of said period for which said rent is claimed, the plaintiff, or her agent, L. L. Ashbrook, knew that said house was being rented for the purpose of a bawdy-house, then the plaintiffs will be considered as knowing of said purpose at the time the premises were rented to the defendant within the meaning of these instructions."

And gave, upon the defendant's motion, the following instruction :

"The court instructs the jury, if the jury believe and find, from the evidence, that the rent claimed in this case accrued as rent for the rent of the house, 722 Market street, St. Louis, and that the owner of said house, or her agent, L. L. Ashbrook, knowingly leased, or let, said house to Rose Dale, the defendant, for the purpose of being used, or kept, as a bawdy-house, or brothel, and that the same was so used and kept, with the knowledge of the plaintiff, or her agent, L. L. Ashbrook, during the time when the rent claimed in this cause accrued, then the plaintiff can not recover."

This action of the court is also assigned for error.

The evidence was that the defendant, partly alone,

and partly in common with another woman, had occupied the premises for a number of years as a tenant from month to month, at a monthly rental of from sixty to seventy dollars, for the purpose of a brothel ; that the rental value of the premises, for legitimate purposes, was from thirty to forty dollars per month, while its rental value, as a house of prostitution, was seventy dollars (the difference in rent arising, presumptively, from the risk of rent and other risks attending illegal tenancies) ; that the house was the property of the plaintiff wife, and that the plaintiff husband attended to her business, including the renting of this property.

The point made by the plaintiffs on these instructions is, that the evidence does not show actual knowledge in the plaintiff wife of the purposes for which the house was let, and the defence of the illegality of the contract was, therefore, not available as to her ; that, although it was shown that the husband transacted her business, and attended to the letting of the house exclusively, yet, impliedly, he had power to let it for legal purposes only ; that, therefore, the instructions which made the husband's knowledge, knowledge of the wife, were illegal and erroneous.

The principle which the plaintiff wife invokes in this connection is that, while notice to an agent of facts growing out of the subject-matter of the agency is constructive notice to his principal, yet this rule has no application to a case where the question is whether the act relied on was within the limits of the agent's authority or not.

The husband, in this case, stands in the position of his wife's general agent. The plaintiff's testimony shows that he transacted her business, from which the court and jury were authorized to infer, as no limitations are imposed, that he was her general business agent. No question can arise as to the scope of his authority. We may charitably suppose that the renting of the premises during a number of years at an excessive rental.

value, which they had for this illegal purpose only, presumably with the wife's sanction, is not evidence of direct authority from her to her husband to rent them for such purpose. When, however, she comes into court seeking to enforce a contract which, her counsel claim, was not within the scope of her agent's authority, her position becomes wholly untenable.

We find that the instructions of the court on this branch of the case were proper, and that the errors complained of are not well assigned.

The only remaining question to be considered is whether the court erred in refusing an instruction asked by the plaintiffs, which declared, in substance, that even if the express contract of letting was illegal, yet the defendant was liable, on an implied contract, for use and occupation. It may be conceded that, where an express contract fails for informality, a party may still recover on a contract, implied by the law, that the other party will pay a reasonable compensation for the benefit received. This just rule can have no application where the contract fails for illegality, and where the elements rendering the contract illegal attach to the express and implied contract alike.

All the judges concurring, the judgment is affirmed.