## REYNOLDS, Appellant, v. FAUST et al.

### Division One, December 23, 1903.

1. **Setting Aside Fraudulent Conveyances.** Conveyances in fraud of creditors are void, and can be set aside at the instance of creditors alone.

2. ———: SUBSEQUENT PURCHASERS. Conveyances in fraud of subsequent purchasers, of either the fraudulent grantor or of a fraudulent grantee, are void as to such purchasers, and can be set aside only at the instance of such purchasers.

3. ———: ———: RECORDED DEED: NOTICE. If the fraudulent deed is recorded, or the subsequent purchaser has actual notice of it, at the time he pays the money, he can not have the fraudulent deed set aside, unless he alleges and proves that the grantee therein, or the person benefited thereby, was a party or privy to the fraud intended.

4. ———: ———: IN FRAUD OF GRANTOR'S CREDITORS. Subsequent purchasers can not have a conveyance set aside on the ground that it was in fraud of the creditors of the fraudulent grantor, but they must allege and prove that the fraudulent conveyance was intended as a fraud upon subsequent purchasers.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Wilson Cramer* for appellant.

(1) For the purposes of demurrer the averments of the petition are to be taken as true. It is alleged that the deed of trust was voluntary and without consideration, that the note secured by it was fictitious, and that the sale sought to be enjoined was to be made at the instance and for the benefit of Benjamin R. and Bettie D. Hempstead, for whose interest plaintiff paid full value at the partition sale. These are the admissions

by demurrer of Robert L. Taylor, the pretended ben-
eficiary. Can it be that under these circumstances plain-
tiff is without remedy and can be compelled, through this
sale, to pay Hempstead and wife for the property a
second time? (2) A purchaser from a fraudulent
grantor may attack as fraudulent a prior conveyance
made by him. Howe v. Waysman, 12 Mo. 169; Craig
v. Zimmerman, 87 Mo. 475. (3) The facts showing the
fraudulent character of the deed of trust do not appear
on its face, but depend on extrinsic evidence. Plaintiff
is, therefore, not estopped from attacking the deed, al-
though it was of record at the time of the partition sale.
Huffman v. Nixon, 152 Mo. 303. (4) It would be in-
equitable and unjust to permit Hempstead and wife to
force a second sale of the property, if the facts set out
in the petition are true, and plaintiff should not be
denied an opportunity of making his proof.

*Frank E. Burrough* for respondents.

(1) A subsequent purchaser can not assail a prior
conveyance made by his grantor on the ground that it
was made in fraud of creditors. Shaw v. Tracey, 83
Mo. 233; Bonney v. Taylor, 90 Mo. 63; Evans v. David,
98 Mo. 412; Stevenson v. Edwards, 98 Mo. 627; Rob-
inson v. Martel, 11 Tex. 155; McClennoys v. Floyd, 10
Tex. 167; Fowler v. Stoneman, 11 Tex. 507; Pass v.
Lynch, 117 N. C. 453. (2) The fraud must be intended
specifically against subsequent purchasers, and they can
not avoid a deed made to defraud creditors only. See
cases supra. Foster v. Walton, 5 Watts 378; Douglas
v. Dunlap, 10 Ohio 162; Sawyer v. Eastwood, 19 Wend.
514; Banks v. Patton, 1 Rob. 500; 1 Smith's Leading
Cases, 53; Quemby v. Williams (N. H.), 41 Atl. 682;
Olson v. Hanson (Minn.), 77 N. W. 231. (3) A sub-
sequent creditor can not attack a prior conveyance
unless made with intent to defraud subsequent creditors.
Frauds against existing creditors are of no avail to him.

Grocer Co. v. Smith, 74 Mo. App. 423; Loehr v. Murphy, 45 Mo. App. 519. (4) Even if a subsequent purchaser can attack a prior conveyance of his grantor upon the ground that it was made to defraud creditors, still, Reynolds, having bought at partition sale, was not such a purchaser as is protected by 27th Eliz. Jackson v. Ham, 15 John. 261. (5) It is true that a purchaser at an execution sale, under judgment in favor of a creditor, can assail a prior deed of the execution defendant, on the ground that it was fraudulent as against his creditors. But he can do so, not in the capacity of purchaser, but of creditor, in whose shoes he stands and to whose rights and equities he is subrogated by the purchase. He has no equities under the 27th Eliz, but is protected by 13th Eliz. Ryland v. Callison, 54 Mo. 513; Rinehart v. Long, 95 Mo. 401; Lionberger v. Baker, 88 Mo. 455; Boyd v. Tucker, 60 Mo. 458; Knoop v. Kelsey, 121 Mo. 649; s. c., 102 Mo. 294. (6) A general allegation of fraud, or that a deed is fraudulent, or void, is not good. Those are conclusions. Reed v. Bott, 100 Mo. 62; Smith v. Sims, 77 Mo. 269; Bliss, Code Plead. (2 Ed.), sec. 211; Nichols v. Stevens, 123 Mo. 117; Williams v. Railroad, 112 Mo. 496; Hoester v. Zimmerman, 101 Mo. 619. (7) The petition is entitled to no presumptions — but the contrary — in its construction. Loehr v. Murphy, 45 Mo. App. 519.

MARSHALL, J.—This is a bill in equity to remove a cloud upon the title to a certain lot of ground in the city of Cape Girardeau, being a part of lot one, range E, having a front of forty-two feet on Broadway or Harmony street, by a depth northwardly of ninety-nine feet, and for an injunction to restrain the defendants from foreclosing the deed of trust on the land, which is the cloud complained of.

The petition alleges that the plaintiff is the owner in fee of the premises; that he acquired an undivided three-fourths interest therein from the former owners

of that interest, Alfred Minton, William H. Minton and James H. Thompson; that the other one-fourth interest was owned by Benjamin R. Hempstead, and that on March 12, 1896, he conveyed the same to his wife, Bettie D. Hempstead; that subsequently the plaintiff instituted a suit against Benjamin R. and Bettie D. Hempstead, for the partition of the land, and that a decree in partition was entered, the land was sold and the plaintiff became the purchaser thereof, and received a sheriff's deed, under which he claims title and is now in possession of the land.

The petition then charges that on January 13, 1896, Benjamin R. Hempstead, "for the pretended purpose of securing to the defendant, Robert L. Taylor, the payment of a certain promissory note for $3,000, alleged to have been executed by the said Benjamin R. and Bettie D. Hempstead to said Robert L. Taylor, payable twelve months after date, executed and delivered to the defendant, Thomas M. Faust, as trustee, a certain deed of trust, conveying, among other parcels of land, the undivided interest in the premises heretofore described." It is then alleged that at the request of Taylor, the trustee, Faust, advertised the property for sale under the deed of trust.

The petition then proceeds as follows:

"And plaintiff further states that the said deed of trust is fraudulent and void, and is a voluntary conveyance without consideration, made and contrived by the said Benjamin R. Hempstead and the said Robert L. Taylor for the purpose of covering up the property of the said Benjamin R. Hempstead from his creditors, and said alleged promissory note is likewise without consideration and was executed and delivered by the said Benjamin R. Hempstead and Bettie D. Hempstead to said Robert L. Taylor and accepted by him in pursuance of such fraudulent design and purpose. And plaintiff states that he purchased in good faith and for full value at said partition sale all of the right, title and

interest of the said Benjamin R. Hempstead and Bettie D. Hempstead in and to said premises. That the said deed of trust, which was recorded in the land records of said county on the 15th day of January, 1896, in book T of trusts and mortgages, at page 68, is a cloud upon his title. That the contemplated sale by said trustee, Thomas M. Faust, of the undivided one-fourth interest in said premises so conveyed to him by the said Benjamin R. Hempstead, is for the benefit and at the instance of the said Benjamin R. Hempstead and Bettie D. Hempstead, and will operate as a fraud upon the rights of plaintiff and cast a further cloud upon the title.''

The prayer of the petition is that the deed of trust be cancelled as a cloud on the title and that Taylor and Faust be enjoined from attempting to foreclose the same.

The defendants interposed a general and special demurrer to the petition, the court sustained the demurrer, the plaintiff refused to plead further, judgment was entered for the defendants, and the plaintiff appealed.

## I.

The contention of the plaintiff is that the deed of trust from Hempstead to Taylor was intended to defraud Hempstead's creditors, and that the plaintiff is a subsequent purchaser from Hempstead, and as such has a right to have the fraudulent deed of trust cancelled.

The statute of 13 Elizabeth, chap. 5, sec. 2, Stats. at Large (vol. 2, p. 588) declared all conveyances, etc., made with intent to delay, hinder or defraud *creditors* ''to be clearly and utterly void, frustrate and of none effect,'' but limited it ''only as against that person or persons, his or her heirs, successors, executors, administrators and assigns, and every of them, whose actions, suits, debts, accounts, damages, penalties, forfeitures, heriots, mortuaries and reliefs by such

guileful, covinous or fraudulent devices and practices, as is aforesaid, are, shall or might be in any ways dis-turbed, hindered, delayed or defrauded." This statute was passed in 1570, and it was provided that the act should "endure unto the end of the first session of the next Parliament," but the act was afterwards made perpetual (29 Eliz., ch. 5).

Afterwards in 1585, the Act of 27 Eliz., ch. 4 (Stats. at Large, vol. 2, p. 636) was enacted, by which con-veyances intended to delay, hinder or defraud *pur-chasers,* were declared "to be utterly void, frustrate and of none effect."

Our statute (sec. 3398, R. S. 1899) declares every conveyance made to hinder, delay or defraud *creditors,* or *purchasers,* "as against said creditors and pur-chasers, prior and subsequent, to be clearly and utterly void."

And section 3399, Revised Statutes 1899, provides: "No such conveyance or charge shall be deemed void, in favor of a subsequent purchaser, if the deed or con-veyance shall have been duly acknowledged or proved and recorded, or the purchaser have actual notice thereof at the time of the payment of the purchase money, unless it shall appear that the grantee in such conveyance, or person to be benefited by such charge, was party or privy to the fraud intended."

In Wineland v. Coonce, 5 Mo. 296, it was said that our statute is made up of the English statutes of 13th and 27th Elizabeth, and it was there further said, "The act does not say what sort of a subsequent purchaser shall not be affected by it, whether a subsequent pur-chaser of the fraudulent vendor or vendee, but must apply and be applied to the purchasers of the vendee, where there is one, rather than to the purchasers of the fraudulent vendors, after he has already parted with all his interest, for the act declares that as to him his title is forever gone, unless creditors know of the fraud and pursue it in time." And accordingly upon the

faith of the prior English and American decisions it was held, as stated in the headnote, that, "a bona fide purchaser, for a valuable consideration, from a fraudulent grantee, without notice of the fraud, shall hold the property against the creditors of the fraudulent grantor."

In Howe v. Waysman, 12 Mo. l. c. 174, this court, per SCOTT, J., said: "It was contended that although creditors might avoid such conveyances, yet there is no reason for conferring the same privilege upon a subsequent purchaser. In 4 Kent's Com., 464, it is said that it is now the settled American doctrine, that a bona fide purchaser for a valuable consideration is protected under the statutes of 13th and 27th Elizabeth as adopted in this country, whether he purchases from a fraudulent grantor or a fraudulent grantee, and that there is no difference in this respect between a deed to defraud subsequent creditors and one to defraud subsequent purchasers. The cases of Anderson v. Roberts, 18 Johns. 515, and Bridge v. Eggleston, 14 Mass. 245, maintain the same doctrine."

In Craig v. Zimmerman, 87 Mo. l. c. 478, this court, per BLACK, J., said: "A bona fide purchaser for a valuable consideration from a fraudulent grantor is not affected by the fraud in this prior conveyance. Wineland v. Coonce, 5 Mo. 296; Howe v. Waysman, 12 Mo. 169; Gordon v. Ritenour, 87 Mo. 54. But he must be a bona fide purchaser, as well as for valuable consideration. [R. S. 1879, sec. 2505; Bump on Fraud. Con. (3 Ed.), 492; Story's Eq., sec. 434.]"

In Gordon v. Ritenour, 87 Mo. l. c. 61, this court, per BLACK, J., said: "The doctrine is now very well settled that a fraudulent conveyance will not, at the instance of creditors, be vacated to the prejudice of a bona fide purchaser from a fraudulent grantee. [Waite on Fraud. Con., sec. 387; Howe v. Waysman, 12 Mo. 169; Wineland v. Coonce, 5 Mo. 296.]"

In Bonney v. Taylor, 90 Mo. 63, the prior decisions

were reviewed, and the distinctions between our statutes and the statutes of Elizabeth were pointed out, and it was held as stated in the headnote that "a voluntary deed to land, made with intent to hinder and delay creditors, is not void as to a subsequent purchaser where it had been filed for record, or the purchaser had actual notice of it, unless the grantee therein was party or privy to the fraud intended by the grantor (R. S. 1879, sec. 2498, now sec. 3399, R. S. 1899). A subsequent purchaser can only defeat a deed for fraud by showing that the fraudulent design was entertained toward him. It will avail him nothing to prove a design to defeat existing creditors."

In Evans v. David, 98 Mo. 405, this court, per BRACE, J., reaffirmed Bonney v. Taylor, 90 Mo. 63, and again held, as stated in the headnote, "a voluntary deed to land, made with intent to hinder and delay creditors, is not void as to a subsequent purchaser, where it had been filed for record, unless the grantee therein was party or privy to the fraud intended by the grantor. . . . A subsequent purchaser can only defeat a deed for fraud by showing that the fraudulent design was entertained toward him."

These cases establish the law to be, first, that conveyances in fraud of creditors are void, and can be set aside at the instance of creditors alone, for they alone are injured. Second, that conveyances in fraud of subsequent purchasers, of either the fraudulent grantor or of a fraudulent grantee, are void as to such purchasers, and can be set aside only at the instance of such purchasers, for they alone are injured. Third, that if the fraudulent deed is recorded or the subsequent purchaser has actual notice of it, at the time he pays the money, he can not have the fraudulent deed set aside, unless he alleges and proves that the grantee therein or person benefited thereby was party or privy to the fraud intended. Fourth, that subsequent purchasers

can not have a conveyance set aside on the ground that it was in fraud of the *creditors* of the fraudulent grantor, but they must allege and prove that the fraudulent conveyance was intended as a fraud upon subsequent purchasers. [See, also, 14 Am. and Eng. Ency. of Law (2 Ed.), pp. 283, 285, 461.]

Apply these rules to the case at bar, and the problem is easily solved. The plaintiff is not a creditor of Hempstead, the maker of the alleged fraudulent deed of trust to Taylor. Even conceding all he claims, he is only a subsequent purchaser from Hempstead, and even this is not entirely free from doubt. The charge of the petition is that the deed of trust was made by Hempstead with intent to hinder, delay and defraud his *creditors*. There is no allegation in the petition that the deed of trust was intended by Hempstead to hinder, delay and defraud subsequent purchasers. And it may well be said that in making the deed of trust Hempstead did not have in mind the perpetration of a fraud upon subsequent purchasers, for he made no subsequent conveyance of the land to the plaintiff, but on the contrary he conveyed it to his wife and she does not charge fraud in this respect; and he can not be said to have anticipated that the plaintiff would acquire the other three-fourths interest in the premises and would institute a suit for the partition of the land, and would buy the land at the partition sale. There is no charge of any such intention in the petition. The charge is only a contemplated fraud upon his creditors, and the plaintiff is not a creditor.

As this conclusion disposes of this case it is unnecessary to notice the other points in the case. The judgment of the circuit court is right and it is affirmed. All concur.