LUTHER F. PIERCE ET AL. v. JULIA STALLINGS ET AL.

(Filed 25 September, 1913.)

**Deeds and Conveyances—Heirs at Law—Fraud Against Creditors—Actions.**

The heirs at law are estopped, under a deed to lands made by their ancestor to another, from claiming any rights that were not available to him. Hence they may not impeach, in their own right, his deed, so made, for fraud against his creditors.

APPEAL by plaintiffs from *Carter, J.,* at May Term, 1913, of JOHNSTON.

Civil action to set aside a deed, on the ground that same was made with intent to defraud the creditors of the grantor.

There was judgment sustaining demurrer, and plaintiffs excepted and appealed.

*Abell & Ward for plaintiffs.*
*F. H. Brooks for defendants.*

HOKE, J. The complaint alleged, in substance, that on 1 June, 1909, D. F. Pierce, owning several tracts of land, conveyed same to his then wife, Julia Pierce, since intermarried with defendant Stallings, and that said conveyance was made with intent to delay, hinder, and defraud the creditors of the grantor; that said grantor having died, the plaintiffs, his children and heirs at law, instituted the present action to set aside said deed by reason of said fraudulent purpose. There is no allegation nor suggestion in the complaint that the plaintiffs are creditors of the grantor or purchasers for value, etc.; they claim only as heirs at law, and, this being true, plaintiffs are concluded by the deed of their ancestor; as to them, the defendant acquired a good title. *Saunders v. Lee,* 101 N. C., 3; *Ellington v. Currie,* 40 N. C., 21; Waite on Fraudulent Conveyances, sec. 121; *Reynolds v. Faust,* 179 Mo., 21; *Campbell v. Ross,* 187 Ill., 553.

In the citation from Waite, *supra,* the author says: "The heir of a grantor cannot impeach his ancestor's deed on the ground that it was made in fraud of creditors, for he can claim no right

which the ancestor was estopped from setting up." And in *Saunders' case, supra,* it was held: "A conveyance made with an intent to defraud creditors is nevertheless valid against the maker and all others, except creditors and those who purchase under a sale made for their benefit; and until the title thus conveyed is divested by some proceeding instituted by the creditors, it is sufficient to support an action for the recovery of the land and damages for its detention."

There is no error, and the judgment sustaining the demurrer is affirmed.