Evans v. David.

---

Evans v. David, *Appellant*.

1. **Legal Titles, When not Disturbed.** Legal titles should not be disturbed upon merely plausible conjecture.

2. **Conveyance:** RESCISSION : NOTICE. Where the grantee in a conveyance has no notice that the recorded deed to his grantor has been rescinded, he will not be affected by such rescission.

3. **Fraud:** VOLUNTARY CONVEYANCE: SUBSEQUENT PURCHASER. A voluntary deed to land, made with intent to hinder and delay creditors, is not void as to a subsequent purchaser, where it had been filed for record, unless the grantee therein was party or privy to the fraud intended by the grantor.

4. ——— : ——— : ———. A subsequent purchaser can only defeat a deed for fraud by showing that the fraudulent design was entertained toward him.

*Appeal from Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*John Montgomery, Jr.*, for appellant.

The answer in the case standing as it does on a defense purely equitable in its nature and asking for relief of which only a court of equity can take cognizance, brings this case on the equity side of the court. *Estes v. Fry*, 94 Mo. 271. And the court will review the whole facts, and, while giving just weight to the finding of the court below, will, if that finding be contrary to the settled principles of law and just and fair dealing between the parties, set aside the finding and reverse the case.

*F. A. Sampson* and *E. J. Smith* for respondent.

(1) Although the conveyance was to defraud creditors, yet to be avoided by a subsequent purchaser or creditor it must be shown to have been made on purpose to defraud such subsequent purchaser or creditor. *Bonney v. Taylor*, 90 Mo. 63. A simple fraud on existing creditors is not enough. *Burke v. Adams*, 80 Mo. 504. (2) Stronger evidence of fraud is required when the complaint is on behalf of subsequent creditors, than when it is on behalf of prior ones. More especially must very strong evidence be required in case the complaint is by a subsequent purchaser. Here it is seen the deed from Bushong to J. M. Evans was on record years before defendant bought. So he bought with notice of it. *Ziekel v. Douglass*, 88 Mo. 382.

BRACE, J.—This is an action in ejectment for a three-acre tract of land near the city of Sedalia in Pettis county.

The petition was in common form. The answer admitted possession, denied plaintiff's right to recover, and set up substantially the following facts, as a defense to plaintiff's action; that the premises were the property of one James W. Bushong; that on the nineteenth of July, 1873, the said Bushong bargained and sold the same to one James Evans, the brother of the plaintiff, for the consideration of five hundred dollars, and, with his wife, executed and delivered to the said Evans his warranty deed therefor taking two notes from the said Evans, one for three hundred, the other for two hundred dollars for such consideration; that in November, 1873, said premises were attached as the property of said Bushong in an action commenced in the circuit court of said county, and thereafter sold under a judgment rendered in said suit, to one Hodkins and by him conveyed to one Newkirk; that Evans and Bushong, being advised and believing that said attachment was levied anterior to the execution and delivery of the deed aforesaid, agreed to rescind said sale, and in pursuance of such agreement, the said Bushong surrendered to Evans his said notes, and the said Evans surrendered to the said Bushong his said deed, intending thereby to revest the title to the said premises in said Bushong, and believing that the thing could be accomplished in that way; that afterwards, Newkirk conveyed his title to Bushong, who on the sixth of August, 1880, conveyed the same to defendant, who at once entered into the possession of the premises, without any knowledge of the facts aforesaid or of any adverse claim of plaintiff or of the said James Evans; that at the time plaintiff took the deed from his brother to said premises, the plaintiff had full knowledge of all the facts aforesaid; that no consideration passed for said conveyance. The

petition prayed that said deed to plaintiff be set aside, and that he be divested of whatever title he may have to the premises and that the same be vested in defendant, and for general relief.

The reply, after admitting that Bushong was the owner of the premises, that on the nineteenth of July 1873, he conveyed the same to James Evans, that Evans conveyed to plaintiff, the attachment sale and conveyances thereafter to the defendant and his entry into possession, denied all the other allegations of the answer.

The plaintiff, after introducing evidence of the rental value of the premises, rested on his legal title. The defendant then introduced evidence tending to prove that on the first of November, 1872, prior to the execution of the deed by Bushong to Evans, an attachment was levied upon the premises, but that the same was dismissed on the twenty-sixth of the same month; that the premises were conveyed by the sheriff to Hodkins under a judgment in attachment levied November, 1873, on the first of October, 1874, quitclaimed by Hodkins to Newkirk, December 24, 1874, and quitclaimed by Newkirk to Bushong July 11, 1877; that on the nineteenth of July, 1873, Bushong was in embarrassed circumstances; that on that day, he executed and delivered the deed to James Evans for the purpose of saving the premises from his creditors; that the same was recorded and delivered to Evans without any consideration, who at the time was informed of the purpose for which it was made; that Bushong owed Evans fifty dollars, that afterwards, Bushong settled twenty-five dollars of this indebtedness, and at the same time sold Evans this land for one hundred and fifty dollars, for which Evans cancelled the remainder of Bushong's indebtedness to him, and for the remainder, executed his promissory note for one hundred and twenty-five dollars, payable in ninety days.

Before the note was presented for payment, Evans instituted inquiry as to the title and was informed of the conveyance of this property by the sheriff under the attachment proceeding, and that the levy of the attachment was anterior to his deed, and when the note was presented, declined paying it for the reason that the title had failed ; that afterwards in 1875, at the request of Bushong, Evans enclosed him his deed in a letter written by Evans to Bushong in Sedalia ; that afterwards, Evans became indebted to his brother, the plaintiff, for money advanced to him by his brother, and in discharge of such indebtedness amounting to the sum of six hundred dollars, on the third of July, 1882, executed and delivered to the plaintiff the warranty deed under which he claims. This and all the deeds to all the parties were duly recorded a short time after they were made.

After the evidence was all in, the defendant was permitted, without objection, to insert the following additional plea in his original answer : " That the deed from said Bushong to James Evans was made without consideration and for the purpose of hindering, delaying and defrauding the creditors of said Bushong, of all of which the plaintiff herein had full knowledge, and the deed from said James Evans to plaintiff was without consideration and fraudulent and taken by plaintiff with full knowledge of all the facts aforesaid and said deeds are null and void against the defendant."

The case was tried before the court without a jury ; the law declared by way of instructions ; the issues found and judgment rendered for the plaintiff, from which the defendant appeals. The case was tried as an action at law, the defendant asking a single instruction upon the legal defense which he was permitted to put in after the evidence was all in. The answer, thus peculiarly amended, is almost nondescript and it is hoped this mode of amendment may not be followed as a precedent.

But as the plaintiff did not object, the case tried by the court, and the judgment in his favor, we will not stop to enquire whether the answer should be viewed as setting up a legal or equitable defense or both, but viewing it in its double aspect, proceed to inquire of the facts whether the defendant has ground for complaint at the result.

I.   The court was asked to set aside the deed from Bushong to James Evans, and from him to the plaintiff, on the ground that the contract upon which the deed to James Evans rested had been rescinded by the parties, and that plaintiff had notice of such rescission.  The only evidence relied upon to show such rescission is the fact that James Evans, who at the time was in Chicago, in answer to a letter from Bushong who was then in Sedalia, wrote Bushong the following letter enclosing him the deed, and copies of letter relating to the attachment judgment.

"CHICAGO, July 22, 1875.

" *Dear Brother Bushong:*

" Yours of the sixteenth to hand.   I enclose you the deed as requested, also copies of letters I received relating to the judgment and sale of the land.   You will see that record shows that judgment was obtained in July, 1873, and the property sold in September, 1874.   I do hope you will succeed in getting at the bottom facts, and if there is an attempt at fraud in the affair, that you will be able to show it up.   The Sedalia church has given you lots of trouble and it is time their doings were wiped out.   Let me hear from you again soon.   With best wishes, I am, truly yours.

"JAMES EVANS."

The letters enclosed were the ones which had informed Evans erroneously that the attachment ante-dated his deed.   He had been laboring under the impression that he had failed to get Bushong's title by

the deed. Bushong's letter, however, had evidently made another impression on him and that was that there were some "bottom facts" he had not got at, that might change the supposed condition of the title, that Bushong was trying to get at them, and that these papers might assist him. He knew it was Bushong's interest to do so. He held his (Evans') unpaid note for the balance of the purchase money, and its payment had been refused because of supposed failure of title. His deed was of record. The custody of the original was a matter of no importance to him and he sent Bushong the deed, and this is all that can be read upon the face of this transaction. There is no rescission in it, or anything looking in that direction, and nothing elsewhere is to be found in the evidence adding to or altering its significance. The court on the evidence must have found there was no rescission. Legal titles ought not to be disturbed upon plausible conjecture merely.

But if it could have found that there was such rescission, there was no evidence that the plaintiff had notice of it. The defendant introduced the deposition of the plaintiff who testified in substance that he had no notice, and the only part of the testimony of James Evans, whom defendant also introduced, in which it is claimed there is anything tending to show such notice, is where he says: "At the time I sold the land to my brother and previous thereto I had told him all about how I acquired it, and he knew all about it." There is nothing here about rescission, or anything to indicate that the witness meant that he ever spoke to his brother upon that subject. He told him how he had acquired title; not how or anything about his having lost it, and this was all the evidence on the question of notice, and the court must also have found that the plaintiff had no notice of any rescission even upon the hypothesis that there was any evidence upon which to base such a supposition.

II.   The defendant purchased from Bushong.   He never was a creditor of Bushong and does not succeed to the rights of any creditor of Bushong, and although the deed from Bushong to James Evans may have been made by Bushong with the intent to hinder, delay and defraud his creditors, yet this fact can avail the defendant nothing.   He is a subsequent purchaser, he cannot set up Bushong's fraud to defeat Bushong's deed James Evans' deed was duly acknowledged and recorded, and in order that the plea may avail the defendant anything under the statute of fraudulent conveyances in this case, it must be shown that such deed was made to defraud purchasers, and that Evans was a party or privy to that fraud.   R. S. 1879, sec. 2498; *Bonney v. Taylor*, 90 Mo. 63.

There was no evidence tending to show any such intention upon the part of either of the parties to the deed, or, if it could be conceived from the subsequent conduct of Bushong that he had any such intention at the time the deed was executed, there is not a scintilla of evidence that James Evans was party or privy to any such intended fraud.   Of course the plaintiff could have had no notice of a fraud never perpetrated.   We find no error in any of the instructions given for the plaintiff and none in the refusal of the court to give the instruction asked for by the defendant.   And whatever view is taken of this case, the judgment is for the right party and is affirmed.   All concur.