WILLIAM W. BAILEY, Respondent, v. B. C. Mc-WILLIAMS, Appellant.

Kansas City Court of Appeals, February 27, 1905.

1. APPELLATE PRACTICE: Abstract: Record Proper: Motion For New Trial. Where the abstract of a record proper fails to show the filing of a motion for new trial the appellate court cannot consider the merits of the case.

2. ———: Judgment: Finding: Dismissal. Where a finding in a judgment shows that by agreement the interest of all the defendants save one are adjusted and the finding and record is against the one, he cannot complain because there was no formal order of dismissal as to other defendants.

3. ———: Cancellation of Deed: Money Judgment. Under an agreement between the parties, *held*, though the petition was in equity seeking the cancellation of a deed the appellant cannot complain of the judgment against the fund in court since he invited the same by his agreement.

Appeal from Jasper Circuit Court.—*Hon. Hugh C. Dabbs*, Judge.

AFFIRMED.

*G. H. Walser* for appellants.

(1) The trial court should have sustained the motion in arrest of judgment. There are five defendants in the suit, four of them were not mentioned in the finding and decree of the court. A decree must dispose of the rights of all the parties to the suit. McCord v. McCord, 77 Mo. 166; Ferguson v. Thacher, 79 Mo. 511;

Caulfield v. Farish, 24 Mo. App. 110.   (2)   The plaintiff in his petition declares on one state of facts and recovers on another.   He must recover, if at all, on his petition.   Link v. Vaughn, 17 Mo. 585; Price v. Railroad, 40 Mo. App. 189; Leslie v. Railway, 88 Mo. 50; Summer v. Rogers, 90 Mo. 324; Reed v. Bott, 100 Mo. 62; Whipple v. Cooper Ass'n, 55 Mo. App. 554; Gurley v. Railroad, 93 Mo. 445.   (3)   A court cannot, under a general prayer for relief go beyond the facts stated in the petition and find on something else.   Newham v. Kenton, 79 Mo. 382; Meunks v. Bunch, 90 Mo. 500.   (4) The finding of facts should dispose of the issues made by the pleadings.   Fahy v. Springfield, etc., Co., 57 Mo. App. 73; Robinson v. McCune, 128 Mo. 577.   The finding of facts does not support the decree, which is necessary.   Nichols v. Carter, 49 Mo. App. 401.

*Cole, Burnett & Moore* for respondent.

(1)   The court cannot review appellant's alleged exceptions, for the reason that nowhere does his abstract show, *dehors* the bill of exceptions, that such orders were made as were necessary to confer jurisdiction on this court to examine such pretended exceptions. St. Charles ex rel. v. Deemar, 174 Mo. 124; McCormick v. Crawford, 98 Mo. App. 323; Parry v. Coffee & Spice Co., 98 Mo. App. 409.   (2)   It is elementary law that the plaintiff may have other and different relief from that prayed for, under the prayer for general relief, if the pleadings and proof warrant it.   Greenwood v. Ins. Co., 27 Mo. App. 417; Evans v. Railway, 64 Mo. 462; Alexander v. Relfe, 74 Mo. 520; Harris v. Wilson, 86 Mo. App. 420; McGhee v. Bell, 170 Mo. 134.   (3)   When a court of equity gets jurisdiction of a case it retains that jurisdiction till complete justice be done,—to make a complete disposition of the case, and adjust all the equities arising therefrom.   Saving Ins. v. Collonious, 63 Mo. 295; Woodard v. Mastin, 106 Mo. 362; Reyburn

v. Mitchell, 106 Mo. 378; McCollum v. Boughton, 132 Mo. 621; Herchenroeder v. Herchenroeder, 75 Mo. App. 287. (4) Appellant says "the finding of facts does not support the decree." The finding is that there is $960 in the hands of the clerk "to await the judgment of this court," "and that said money and fund so held is part of the proceeds of the sale of plaintiff's said land." Then the court orders that said money be paid to plaintiff, and denies the prayer of defendant's answer that it be given him. What else could the court have done? What title to said money has the defendant shown? Sandford v. Railway, 40 Mo. App. 15; Johnson v. Loomis, 50 Mo. App. 144; Paul v. Machine Co., 87 Mo. App. 654; Newton v. Rebenack, 90 Mo. App. 651.

BROADDUS, P. J.—Defendant's abstract of the record proper failing to show that he filed a motion for a new trial, we cannot consider the cause on its merits. There is a recital in his bill of exceptions that such motion was filed. Record recitals contained only in the bill of exceptions cannot be considered on appeal. [St. Charles v. Deemar, 174 Mo. 122; Machine Co. v. Crawford, 98 Mo. App. 319; Parry v. Coffee Co., 98 Mo. 409.]

The objection is made that the petition shows that there were five defendants and the judgment is only against one of them. This is true, but the finding of the court as contained in the judgment appealed from shows that by an agreement of the parties entered into after the commencement of the suit, the interests of all the defendants except defendant McWilliams were adjusted; after which they had no further interest in the matter in litigation. No formal order of dismissal was made as to said defendants but no one was injured for want of such order.

Appellant next contends that the judgment rendered was not authorized by the pleadings. Plaintiff

admits this to be true, but he insists that it was justified by the agreement referred to. The petition states a case in equity, viz: to cancel a certain deed executed by defendant McWilliams as agent of plaintiff, and the judgment  against defendant is a money judgment. By the terms of the agreement the deed was recognized as valid, but it was agreed that part of the purchase-money from the grantee, which was in the hands of the clerk of the court, which was claimed by appellant as his commission for selling plaintiff's land should "await the judgment of the court." The judgment of the court was that it should be paid to the plaintiff. This was how it happened that the proceedings terminated in a money judgment, not against appellant but as to a fund. The appellant has no cause of complaint because by his agreement he invited the judgment. We can find nothing in the record proper to authorize a reversal. Affirmed. All concur.