By the Court — Robertson, J.,
(after stating the facts.) The evidence is conflicting as to whether the Receiver’s attorney informed - the defendant’s attorney that the day of sale was the 30th of September, the preponderance being rather in favor of his being informed that it was the 20th. But, from the evidence, there can be no doubt he thought the date given him was the 30th. Preparation was made by him, and also an effort to pay the judgment before that time. The conveyance of the property by the purchaser, on the 26th, after knowledge of the defendant’s claim, also indicates some unfairness or eagerness to take advantage of his position. There is enough in the facts of the case to warrant the Justice who decided the motion to infer such surprise as would entitle the defendant to have the sale opened upon terms. The property was probably sold at a great undervalue and after very little, if any, competition. Upon indemnifying the purchaser liberally, the Court was justified in ordering a resale. Upon that ground the order was probably not appealable, as lying within the discretion of the Court. But there jvas, also, another ground on which the sale was sought to be set aside as.irregular, to wit, that the property consisted of several houses and lots, on different sides of the Bowery, in this city, and in 83d street; the debt to be collected being less than two hundred dollars, and the value of such interest greatly exceeding that sum; the purchaser paid $1,050 for it, and demanded $1,000 for a release The Revised Statutes expressly provide for sales in par cels, in case of sales on execution by a Sheriff. (2 R. S., 369, § 38; 3 R. S., 5th ed., 650, § 38.) This, however, has been held not to make the sale void, but only voidable *589 in case of a sale in mass. (Cunningham v. Cassidy, 7 Abbotts’ Pr., 183; S. C., 17 N. Y. R., 276.) Still, where there is a prejudice, the sale may be set aside without even indemnifying the purchaser. (See cases reviewed in Breese v. Bange, 2 E. D. Smith, 474.) This was an equally good ground for setting aside the sale.
The order, therefore, made was correct, and should be affirmed, with costs, without prejudice to the rights of Butler, who is not a party to this motion.