BENJAMIN CORNELIUS, *et al.*, Appellants, *vs.* MARGARET SMITH, *et al.*, Respondents.

1. *Conveyances—Construction—Trusts—Uses.*—A conveyance was made to A. a married woman, conveying certain land to "her and her heirs forever," and providing that if B., who was a son of A. "should pay to each of the other heirs five hundred dollars and keep his father during life, then he will have and shall hold the same, and to his heirs and assigns forever, otherwise the same to be divided with all the heirs equally." *Held*, that the deed was not intended to vest the estate to the land, legal and equitable, in the grantee, but that she was to have the whole estate until the death of her husband, and at his death she became a trustee for B. and his brothers and sisters, the children of her husband; that by the terms of the deed B. was to be the sole beneficiary if he supported his father during his life, and paid the other children five hundred dollars each, but if he failed to do this, he was to share equally with the other children; and as a person while living cannot have heirs, the word heirs was not used in its technical sense, and meant the children of A.'s. husband.

2. *Trusts—How created—How manifested.*—A trust need not be created by writing, but must be manifested and proved by writing.

*Appeal from Buchanan Circuit Court.*

*Hall, Oliver and Vineyard*, for Appellants.

I. The language of the conveyance created a trust in Mrs. Campbell for the benefit of James R. Campbell if he should do certain things, and in the event of his failure, for the benefit of himself and the other heirs of James Campbell. James R. Campbell was spoken of as "an heir," and the remaining beneficiaries are spoken of as the "other heirs." This language clearly shows that the phrase "other heirs" meant heirs like, but others than himself. In the event of his failure to fulfill the conditions, he and the other heirs of James Campbell became joint beneficiaries.

II. If this description of heirs is too indefinite, then a trust results to James Campbell, who according to the allegations in the petition was the real owner of the land, and his heirs after his death became the equitable owners of the same. If this use limited by the deed could not vest or was not to vest but upon a contingency, or if when the purposes for which an estate has been conveyed fail by accidents or other-

wise, either on whole or in part, the use results to the grantor. (4 Kent, 299–307.)

III. The trust for James R. Campbell if he did certain things, and if he did not do what was required then to the heirs, is a springing use which was valid and will be recognized and enforced by the court. (4 Kent, 301.)

IV. A conveyance to B. to the use of C. in trust for D. executes the trust in D., though he has not the legal estate. (4 Kent, 305.)

*Benj. F. Loan & Strongs and Hedenberg,* for Respondents.

I. It is clear that if James Campbell, deceased, had no legal or equitable interest in the land at the time of his death, then the appellants have received no interest by inheritance from him; and the deed set out in the petition shows that the legal title to the land was conveyed to Margaret Campbell absolutely. James Richard Campbell got no interest in the land either contingent or otherwise by their deed. He could not compel Margaret Campbell to convey to him, "by paying $500, to each of the other heirs," nor by supporting his father during his life-time.

II. The deed does not express a trust; on the contrary, it is upon its face a general warranty deed without reserve and without limitation as to her.

III. James Campbell, were he alive, could not invoke nor procure the aid of a court of law or equity to divest his wife of the title conveyed to her by Bermond; nor to enforce upon her the fulfillment of any trust upon the same for his use. His heirs, then, as such, cannot assert any title or claim to the land against said Margaret. Their right is neither more nor less than that of the ancestor through whom only the claim here is asserted.

IV. The deed to Margaret Campbell, now Smith, must be so construed as to give it effect as a conveyance of the fee to her, because it says it conveys the land "to her and to her heirs," &c.; and if the interpolated clause respecting said

James Richard Campbell is repugnant to the general tenor
and effect of the deed, then such repugnant provisions will
be disregarded. No trust results to a husband who·purchases
property and causes it to be conveyed to his wife. (Turner
vs. Turner, 44 Mo., 535; Alexander vs. Warrance, 17 Mo.,
288; see also Henderson vs. Henderson's Exr., 13 Mo., 157.)

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in chancery for
partition of a tract of land in Buchanan county. The case
stands here on a demurrer to the plaintiffs' second amended
petition, which was sustained by the Circuit Court. The peti-
tion reads as follows:

"Plaintiffs, for their second amended petition, state that Eliz-
abeth Cornelius, Martha Jane Bermond, James R. Campbell,
Mary Ann Rapp and Margaret Campbell, are the sole sur-
viving children and only heirs of James Campbell, deceased,
who departed this life before the bringing of this suit, and
that defendant, Margaret Smith is the widow of said James
Campbell, deceased; the plaintiffs further state, that at the
time·of bringing this suit, Benjamin Cornelius and Elizabeth
Cornelius were and they are still husband and wife, and that
John Bermond and Jane Bermond were and still are husband
and wife, and that Benjamin Rapp and Mary Ann Rapp were
and still are husband and wife.

"Plaintiffs further state, that on the 19th day of September,
1859, in the life-time of said James Campbell, deceased, the
plaintiff, John Bermond, was seized in fee of the land herein-
after described, to the use of James Campbell, deceased, and
that said use was not manifested in writing, but was always
·acknowledged by said Bermond. Plaintiffs further state, that
said Bermond being seized of said land, the said James
Campbell, deceased, in his life time, to-wit: on said 29th day
of September, 1859, requested and desired said Bermond to
convey said land to his said wife, Margaret Campbell, subject
to certain conditions expressed in said conveyance, and that
said Bermond and his wife, in accordance with said request,

did make, execute and deliver to said Margaret Campbell, now Margaret Smith, a deed to the effect following : that is to say : This deed made and entered into this 19th day of September, in the year of our Lord Eighteen Hundred and Fifty-Seven, by and between John Bermond, Jr., and Martha Jane Bermond, his wife, of the County of Buchanan and State of Missouri, of the first part, and Margaret Campbell and her heirs of the County of Buchanan and State of Missouri of the second part, witnesseth, that the said parties of the first part, for and in consideration of the sum of five thousand dollars, the receipt whereof is hereby acknowledged, have given, granted, bargained and sold, and by these presents do give, grant, bargain and sell and confirm and convey unto the said party of the second part and to her heirs forever, a certain tract, piece or parcel of land lying and being in the County of Buchanan and State of Missouri, to-wit: The North-East Qr. of Sec. 16, in Township No. 57, and of Range 34, containing a saw mill, carding machine and a grist mill with all the fixtures thereto belonging, if James Richard Campbell should pay each of the other heirs five hundred dollars each and keep his father during life, then he will have and hold the same and to his heirs and assigns forever, otherwise, the same to be divided with all the heirs equal, to have and to hold the said tract, piece or parcel of land, with all the privileges and appurtenances thereunto belonging or in anywise appertaining unto the said party of the second part and to her heirs forever ; and the said parties of the first part for themselves, their heirs, executors and administrators do covenant and agree, that they will warrant and forever defend the title to the said tract, piece or parcel of land and every part thereof unto her, the said party of the second part and her heirs, against the claim or claims of all persons whatever, claiming or to claim the same or any part thereof.

The plaintiffs state, that in truth and in fact there was no consideration whatever paid or to be paid for said deed, and that the same was executed in discharge of said trust at the request of said James Campbell, deceased, and for no other consideration whatever.

Plaintiffs further state, that said defendant, James Richard Campbell has never paid said five hundred dollars to each of said heirs or any other sum to each or any of said heirs; nor did he keep his father during his life; nor did he contribute anything towards the keeping or support of his father, the said James Campbell, now deceased. Whereupon plaintiffs say that defendant, Margaret Smith, as the widow of said James Campbell, deceased, is entitled to dower in said lands, and the other parties to this suit being the only children and heirs of said James Campbell, deceased, are equitably entitled to said lands, subject to said dower; that is to say, each of said heirs is entitled in equity to one undivided fifth part of said lands, subject to said dower. Plaintiffs therefore pray, that the dower of said Margaret Smith in said lands be admeasured and set off to her, and that the remainder of said land be partitioned, if the same can be done without great prejudice to the parties in interest, and if that cannot be done the plaintiffs pray for a sale of the premises and a division of the proceeds thereof, among all the parties, according to their respective rights and interests; and plaintiffs pray for such other and further relief as they may be entitled to in the premises."

The determination of this case must be dependent upon the construction to be given to the deed from John Bermond and wife to Margaret Campbell set forth *in haec verba* in the petition. It is not a common law conveyance, but a deed of bargain and sale, being one of the modes of conveying real estate under the Statute of Uses. Under the old common law conveyances, an estate could not be limited to a stranger to the deed, except by way of remainder, and it may be that a legal title cannot be created in a stranger to a deed under the Statute of Uses. But since the Statute of Uses, such deeds are the only kind in common use in family settlements, in which contingent and springing trusts are intended to be created and to arise in favor of the beneficiaries.

The courts have extended to these settlements the same liberal construction they have given to executory devises. This deed was not intended to vest the absolute estate to the land,

legal and equitable, in the grantee, Mrs. Campbell. The fair and only reasonable construction is, that she was to have the whole estate until the death of her husband, James Campbell, and at his death she became a trustee for James Richard Campbell and his brothers and sisters, being the children of James Campbell. That is, by the terms of the trust, James Richard Campbell was to be the sole beneficiary if he supported his father during his life and paid the other children each five hundred dollars; but if he failed to do this, he was to share equally with the other children.

The word "heirs" is used in the deed to denote the beneficiaries, but evidently not in its technical sense. It means the children of the father, James Campbell, who was to be supported by his son, James Richard Campbell. The son, James Richard Campbell, is expressly named as a beneficiary and as one of the heirs; and as a person while living cannot have heirs, we must necessarily conclude that the word "heirs" in this connection meant children of James Campbell. This limitation of the trusts of this deed must amount to a nullity or have this construction. The deed is awkwardly written, but in my judgment it was intended as a deed of settlement in which the trusts in favor of the children were to spring up on the death of their ancestor, James Campbell.

As the parties allow Mrs. Smith, formerly Mrs. Campbell, to retain dower in the land, it is unnecessary to decide whether her title to dower in the original trust was affected by the transfer of the whole legal title to her or not. A court of equity might protect her in the enjoyment of what originally belonged to her, notwithstanding she may have become trustee for others. So far as the plaintiffs are concerned, this trust is sufficiently manifested by their petition. A trust need not be created by writing, but must be manifested and proved by writing.

This is not an action at law, but an action in equity for the partition of equitable property, and I can see no good reason why such property may not be partitioned in equity, or why a sale should not be made and the proceeds divided, if a division in kind would result in great prejudice to the owners.

Under these views, the court erred in sustaining the demurrer to plaintiffs' petition.

Judgment reversed and cause remanded; Judge Vories not sitting. The other judges concur.