W. H. HARRIS, Trustee for Tudor Iron Works, Appellant, v. A. C. HITT, Respondent.

St. Louis Court of Appeals, May 15, 1894.

Replevin: RIGHT OF ELECTION UNDER JUDGMENT. The right of the successful party under a judgment in an action of replevin to take either the specific property in controversy or its assessed value, at his election, is not terminated by proceedings of the sheriff to collect that value under the judgment, if the sheriff has not had the possession of the property itself.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*George Robertson* for appellants.

*F. R. Jesse* for respondent.

Bond, J.—This action is brought by the trustee to foreclose the equity of redemption in a certain mortgage, executed by the Mexico Street Railroad Company upon the franchise, right of way, roadbed, iron, cross-ties and fixtures, furnished and constructed or to be thereafter delivered and constructed under the provisions of the ordinance of the city of Mexico, permitting said street railroad company to build and construct a street railroad over the streets within the said city of Mexico, and to declare said mortgage to be a lien upon a certain judgment for $150, recovered by defendant in an action of replevin brought against him by the Tudor Iron Works, a corporation to whom the bonds and coupons secured by said mortgage had been transferred as collateral security for an indebtedness due it by the grantor in said mortgage, to wit, the Mexico Street Railroad Company, and praying the cancellation of said judgment.

The answer denied that plaintiff was the trustee of the property described in plaintiff's petition by reason of his being trustee in said mortgage. It denied the incorporation of the Mexico Street Railroad Company. It admitted that certain iron, rails and oak ties, of the value of $150, had been placed upon defendant's land by certain officers of the Mexico Street Railroad Company, while they had possession of said land under a contract to purchase which they afterwards failed and refused to carry out.

The answer further set up the adjudication in an action of replevin, brought against defendant by the Tudor Iron Works for the recovery of possession of the property placed upon his land, as a bar to this proceeding.

There is no dispute as to the facts in this case, which are that the mortgage referred to in the petition

was executed by the Mexico Street Railroad Company and recorded in Audrain county on July 7, 1889, and that it covered the property belonging to the grantor, which had been placed upon their roadbed and line of route over the streets of the city of Mexico, as defined in the ordinance granting the franchise to use the streets.

It further appeared that all the bonds secured by said mortgage had been transferred to the Tudor Iron Works as collateral security for an indebtedness for about $1,700, due for material furnished to the Mexico Street Railroad Company in the construction of their track. It further appeared that the Tudor Iron Works had sued the Mexico Street Railroad Company for an unpaid balance on this account and had obtained judgment, and caused execution to be levied upon the rails, cross-ties, etc., on that portion of its track which ran over the land of defendant; that upon a sale under said levy the Tudor Iron Works became purchaser of said property, and that it brought an action of replevin against defendant therefor, which action resulted in a judgment in his favor for the return of the property and also assessing its value at the sum of $150, from which judgment an appeal was taken to the Kansas City court of appeals, where the same was affirmed. *Tudor v. Hitt*, 49 Mo. App. 472.

There was no authority extending to the street railroad company a franchise to lay its tracks over the land of the defendant.

It further appeared that the sheriff was trying to collect the assessed value of the property in the replevin suit, brought by the Tudor Iron Works against defendant, before the institution of this suit. There was no evidence that the property, ordered to be returned to the sheriff, had been delivered to him in pursuance of the judgment of the replevin suit.

The theory, on which the present suit is brought, is that so much of the construction of defendant's track, i. e., the laying of rails and cross-ties, over the land of defendant, as had been placed there subsequently to the execution of the mortgage, would pass under its terms and be charged with the payment of the indebtedness secured thereunder, and that the judgment in the replevin suit, having been given for the value of such property, was the legal substitute therefor, and was affected by all the provisions of the mortgage in the same way that the property, for which said judgment was given, was charged, and that said judgment should be canceled because the debt secured by the mortgage was still unpaid.

The answer to this position is that the property sought to be replevied by the Tudor Iron Works did not belong to the party, i. e., the Mexico Street Railroad Company, under whom the plaintiff in the action of replevin claimed title. This was directly adjudged by the Kansas City court of appeals upon an appeal from the judgment in favor of defendant in the replevin suit. *Tudor Iron Works v. Hitt*, 49 Mo. App. 472. Under this view the ownership to the iron and cross-ties placed upon the land by the Mexico Street Railroad Company was in the defendant. It is obvious, therefore, that neither through the legal conduit of a levy thereon, and sale and purchase thereof, by the creditor of said Mexico Street Railroad Company, nor by a mortgage executed upon it, could there be any conveyance of title or right to property which the Mexico Street Railroad Company did not own nor possess.

This being so, it must follow that the mortgage sought to be foreclosed in the present action could not attach with more force to the judgment sought to be canceled herein, than the property for which it is *claimed* the judgment in question has become a substi-

tute. For these reasons there was no error in the finding and judgment of the lower court.

Waiving all question as to the nature of the description of the property in the mortgage executed as above stated, and also as to its effect as a conveyance *in præsenti* of the *legal* title to the property placed upon defendant's land subsequently to its execution, we are still of the opinion that there is no evidence in the record in this case that the defendant has ever accepted the judgment assessing the value of the property. The mere fact, that the sheriff was proceeding to collect the judgment for the value of the property, is no preclusion of the right of the defendant to exercise his election to take the specific property, since it nowhere appears that the property in question has ever been delivered to the sheriff under the judgment in the replevin. *Hanlon v. O'Keefe*, 55 Mo. 528; Revised Statutes, 1889, sections 7494, 7495..

The result is that the judgment in this case is affirmed. All concur.