## STEPHENSON, Appellant, v. KILPATRICK et al.

### Division Two, December 17, 1901.

1. **Tender of Payment:** WHEN GOOD.    A tender is good without an actual production of the money, where the party to whom it is due refuses to accept it.

2. **Evidence:** GENERAL KNOWLEDGE: INNOCENT PURCHASER: NOTICE. Where a litigation has been pending in the county over the land in question for several years, and two suits in relation to it had been dismissed, and a decree obtained in a third suit, and the person in possession of the land had been evicted, and these facts were generally known in the community, such general knowledge is admissible as evidence tending to show that the purchaser of the land, after all these events, was not a bona fide purchaser without notice of a contest as to title.

3. **Mortgage:** REDEMPTION: BURDEN OF PROOF.    In a suit for leave to redeem from a mortgage, where the grantees of the purchaser at the foreclosure sale set up that they purchased without any knowledge of plaintiff's rights in the premises, the burden is on them to sustain their plea.

4. **Fraud**: FAILURE TO TESTIFY: PRESUMPTION. An unfavorable presumption arises against a party charged with fraud, where he fails to come forward and testify and repel the charge.

5. **Mortgage**: TIME TO REDEEM: EQUITABLE RELIEF. A mortgagor, who is allowed a certain time in which to redeem the mortgage by decree of court, will be relieved in equity where he is prevented from doing so within the time limited, by fraud, surprise, accident, or mistake.

6. **Foreclosure**: SETTING ASIDE SALE. Where a foreclosure sale is disapproved for inadequacy of price or unusualness of hour, it is customary to set aside the sale altogether, and not merely to give the mortgagee a right to redeem from the purchaser.

7. **Equity**: REDEMPTION OF MORTGAGE: USUAL TIME ALLOWED. Equity usually allows six months in which to redeem, where it grants the right of redemption, and as short a period as thirty days is not customary.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED *(with directions).*

*W. B. Watts* and *M. E. Morrow* for appellant.

Respondents are not entitled to protection as innocent purchasers without notice. Any facts which would put a prudent man on inquiry constitutes notice. Ins. Co. v. Smith, 117 Mo. 261; Jennings v. Todd, 118 Mo. 296; Barrett v. Davis, 104 Mo. 549. But if respondents had no actual notice or knowledge of such facts as would presume notice, the *lis pendens* notice filed by appellant of his claim to the land in question would be constructive notice. Sec. 6759, R. S. 1889; Dodd v. Lee, 57 Mo. App. 167; Hope v. Blair, 105 Mo. 85. Appellant was relieved from making an actual tender of the money by the acts and words of the party's attorney or the party to whom the money was due. Where it conclusively appears that a tender, if made, would be fruitless, it need not be shown. McManus v. Gregory, 16 Mo. App. 375; Har-

wood v. Diemer, 41 Mo. App. 48; Soap Works v. Savers, 55 Mo. App. 15; Calhoun v. Paule, 26 Mo. App. 274. Actual production of the money may be waived, and in this case was waived, by the party to whom the money was due. Berthold v. Reyburn, 37 Mo. 595; Whalen v. Reilly, 61 Mo. 568; Walsh v. Exposition & Music Ass'n, 101 Mo. 534.

*Orchard & Saye* for respondents.

(1) The appellant in this case has failed to comply with rules 11, 12 and 13 of this court, and has no standing in this court, and we ask that the appeal be dismissed or the judgment of the trial court be affirmed. The court will not look to the transcript, but there must be a clear and concise statement of the case. Walser v. Wear, 128 Mo. 652. (2) No tender was ever made prior to the expiration of the thirty days, which was fully shown by the evidence. All that Stephenson did was to attempt to borrow the money to make the tender. To make a tender valid, the money must actually be produced and proffered, unless the creditor expressly or impliedly waives the production. And in the case at bar, the evidence shows that plaintiff never did have the money, nor was he ever in a condition to pay it. So a plea of tender, to be effective, must show that defendant was willing and ready to pay the amount from the date of the tender. Berthold v. Reyburn, 37 Mo. 586; Henderson v. Cass County, 170 Mo. 57. (3) In the case at bar it was to redeem from a judgment foreclosing a mortgage, which was due on or before the seventh of December, 1895, so the appellant herein was not restricted to the defendant, Joe R. Carr, to make his payment or tender to, but could have paid the money into court and that would have been a compliance with the judgment of the court. He might have paid it to Chapman, who was appointed by the court to adjust the matter. And when he desired to make his tender effective, it was his duty to pay

the money into court. Wolner v. Levy, 48 Mo. App. 469; Voss v. McGuire, 26 Mo. App. 452. A mortgagee in possession of premises, as in the case at bar, charged with a definite equitable incumbrance, can not be disturbed in that possession without an actual tender of the sum equitably due by one who seeks the aid of the court to redeem as against the incumbrance. Alley v. Burnett, 134 Mo. 320. (4) The facts in this case, even admitting all that has been proved, do not show any legal notice, or anything that would put the respondents on inquiry.

*Edwards & Edwards* for appellant in reply.

(1) The petition is set out in full, the evidence is set out in substance, in fact, as fully as appears in the transcript, leaving out the formal and immaterial matter (which is fully corroborated, by respondents' brief), exceptions to the action of the court duly saved and set forth, the judgment of the court sustaining the demurrer to the evidence, the motion for a new trial, the action of the court on the motion and exceptions to its action, and then follows the brief and argument. This was all there was in the case. (2) Notwithstanding the charges of fraud and deceit and bad conduct contained in the petition against the respondents in this case, and although all are living, competent witnesses, not one of them appeared on the witness stand to refute these charges or explain their conduct, and this of itself was sufficient to justify the court in granting the plaintiff relief he asked, and it is no excuse to them that their attorney interposed a demurrer to plaintiff's evidence at the conclusion of the plaintiff's case, for it was the duty they owed themselves, to purge themselves, if possible, of the charges made against them. Cass County v. Green, 66 Mo. 498.

SHERWOOD, P. J.—Stephenson owned a small farm in Howell county; the tract of land on which his farm was located,

containing 120 acres. Stephenson was indebted to one Mattie McCowen, and such indebtedness was evidenced by note secured by deed of trust. When the note fell due, Stephenson made default, and a sale of the land occurred, at which one Joseph R. Carr became the purchaser, and obtaining a deed from the trustee, brought ejectment against Stephenson returnable to the October term, 1895. To this action Stephenson interposed an equitable defense which, on hearing had and evidence adduced, resulted in the following decree being entered at said term on the eighth day of November:

"The court finds that the trustee's sale was at an unusual hour and that the amount of sale was inadequate and that Joe Carr was not an innocent purchaser within the meaning of the law, but that said Carr, having paid a valuable consideration for said lands, should be and is subrogated to all the rights of Mattie McCowen, and the note and mortgage in question. And there is now due on the same $570, and it is therefore decreed that if defendant shall, on or before the seventh day of December, 1895, pay said Carr the sum of $570, the title to said land be vested in him, and if he fail to pay the said sum within that date, then he shall be divested of all right and title to said land, and that plaintiff have possession thereof with $5 per month from this date and that restitution issue therefor. G. A. Chapman to be appointed to act as agent for both parties to adjust matters and costs."

The petition alleged that Carr refused to receive the money when offered him, and the object sought by the petition was to set aside the execution on which Carr obtained possession of the property, and which issued on the ninth of December, 1895, and under which he was put into possession on the next day thereafter, and also to set aside and cancel a deed made by Carr to Kilpatrick on January 30, 1897, and two deeds to Hall made on June 23, 1897, by Kilpatrick; that plaintiff be permitted to redeem, etc., and that defendants be divested of all title to said land and the same be vested in plaintiff, etc. The

petition also charged that Carr, in fraud of plaintiff's rights, refused to receive the money, and caused said execution to issue, and made deed to Kilpatrick, and that the latter pursued the same course in making the deeds to Hall, and that both Kilpatrick and Hall made and received said deeds with full knowledge and notice of plaintiff's rights in the premises, and were aiding and assisting Carr to carry out his fraudulent scheme to deprive plaintiff of his land.

The evidence, in brief, showed that plaintiff had borrowed the money from Canterbury; that the latter had taken and accepted the security offered by plaintiff, and had laid it up in the bank, where Canterbury had the money on deposit; and that on Saturday, the seventh day of December, Canterbury went to Carr and offered to pay him the money, and Carr said "he wouldn't accept the money from him; he would have to see his attorney."

On the previous day, Friday, the sixth of December, plaintiff went to Carr, and talked to him about paying him the money, when he told plaintiff, that "he didn't have to take money and he would not take it." To other witnesses, Carr made similar remarks about his intended non-acceptance of the money.

Nothing is better settled than that the actual production of the money may be waived by him to whom it is due, refusing to accept the sum thus due, and such refusal makes the proffer to pay as good as though the money were counted down. [Berthold v. Reyburn, 37 Mo. 586; Whelan v. Reilly, 61 Mo. loc. cit. 568, and cas. cit.; Walsh v. St. Louis, etc., Ass'n, 101 Mo. 534.]

As to defendant Hall, it is in evidence that Hull, who took him to look at the land (which the former subsequently bought), told him "that Stephenson used to own the land, and that there was some dispute about the title."

Evidence of this sort does not appear as to Kilpatrick, but we must not forget to remember that the transactions in-

volved in this record were not "done in a corner;" that one
branch of this litigation was pending in 1895 in Howell
county; that plaintiff was successful in November of that year;
that being treated as he afterwards was, by Carr as already
stated, he brought a similar suit to the present one returnable
to the April term, 1896, but this suit was "sent out of court
because plaintiff could not secure the costs in said action," that
he began a similar suit in April term, 1897, but "when said
cause came on for hearing, plaintiff was sick in bed and wholly
unable to attend to business, whereupon his action was again
dismissed," while the deed from Carr to Kilpatrick was exe-
cuted January 30, 1897, a little over a twelvemonth after the
decree now relied on by plaintiff was obtained; and those of
Kilpatrick to Hall were made June 23, 1897. Taking these
facts in connection with the forcible eviction of plaintiff from
his premises by the sheriff on December 9, 1895, they were
very well calculated to diffuse information of the nature and
characteristics of this litigation throughout the borders of
Howell county. And this court has decided that when a mat-
ter is generally known in a community, this is some evidence of
notice to those who there reside, or, as it is otherwise expressed,
"where particular knowledge of a fact is sought to be brought
home to a party, evidence of the general reputation and belief
of the existence of that fact among his neighbors is admissible
to the jury as tending to show that he also had knowledge as
well as they." [Brander v. Ferriday, 16 La. Rep. 296.] To
the same effect, see Benoist v. Darby, 12 Mo. loc. cit. 206;
Dickerson v. Chrisman, 28 Mo. 134; Conover v. Berdine, 69
Mo. 125; Gordon v. Ritenour, 87 Mo. 54.

But in addition to that, the defendants Kilpatrick and
Hall attempt the role of innocent purchasers; but while they
demurred to the evidence of plaintiff, they introduced no evi-
dence whatever to support their assertion of being innocent
purchasers, even conceding their answers good in this regard.

But the plea of being an innocent purchaser is an *affirma-*

*tive defense,* and must be supported by *affirmative* evidence. The *onus* lies on the pleader. [Halsa v. Halsa, 8 Mo. 303; Sillyman v. King, 36 Iowa 208; Frost v. Beekman, 1 Johns. Ch. 288; Jewett v. Palmer, 7 Johns. Ch. 65; Holdsworth v. Shannon, 113 Mo. loc. cit. 525; Conn. Mut. Ins. Co. v. Smith, 117 Mo. loc. cit. 294; Young v. Schofield, 132 Mo. loc. cit. 663.]

Moreover, the petition charges defendants Kilpatrick and Hall with aiding Carr in the fraudulent scheme mentioned in the petition, and when this is the case; when fraud is the charge, and the party charged therewith fails to come forward and testify and repel the charge of fraud, he generates, by this failure, an unfavorable presumption against his cause. [Baldwin v. Whitcomb, 71 Mo. 651; Henderson v. Henderson, 55 Mo. 533; Cass Co. v. Green, 66 Mo. 498; Bump, Fraud. Convey. 53, and cas. cit.]

In conclusion, it may be remarked that even if through the fraudulent machinations of Carr, plaintiff had been prevented from obtaining the redemption money in the time limited, the arm of a court of equity is not too short to extend relief; or if plaintiff made failure to raise the money in time through surprise, accident or mistake, such as courts of conscience will consider, still relief may be afforded; for equity affords relief on these four grounds, as they constitute the most ancient foundations of equitable jurisdiction. As to which see: Adams v. Haskell, 10 Wis. 123; Sheldon v. Wood, 14 How. Prac. 18; Brown v. Elliott, 17 N. J. Eq. 353; Pharr v. Reynolds, 3 Ala. 521; Clifton v. Livor, 24 Ga. 91; Brooks v. Whitson, 7 Sm. & M. 513; Crim v. Handley, 94 U. S. 652; Williamson v. Dale, 3 Johns. Ch. 290; Bixly v. Mead, 18 Wend. 611; Howell v. Hester, 4 N. J. Eq. 266; Seaman v. Riggins, 2 N. J. Eq. 214; Griffith v. Hadley, 10 Bosw. 587; Wetzler v. Schaumann, 24 N. J. Eq. 60; Collier v. Whipple, 13 Wend. 224; Holdsworth v. Shannon, 113 Mo. 508; Oliver v. Pray, 4 Ohio 175, 19 Am. Dec. 595.

And it may be further remarked that it is customary, in cases of this character, when a sale under a deed of trust, etc., is disapproved, because of inadequacy of price and unusualness of hour, to *set aside such sale altogether.* [Stoffel v. Schroeder, 62 Mo. 147; Vail v. Jacobs, Ib. 130; Goode v. Comfort, 39 Mo. 313; Holdsworth v. Shannon, 113 Mo. 508.]

It seems difficult to understand why the sale under the deed of trust heretofore mentioned, should not have been treated in the same way; and why the lower court, while evidently *condemning the* sale for insufficiency of price and unusualness of hour, should yet *subrogate the purchaser to all the rights of the original cestui que trust;* and it is not improper to add that courts of equity usually give *six months* in which *to redeem,* and that it is not customary to give so short a time as *thirty days* in which to redeem.

In accordance with the views heretofore expressed, the judgment will be reversed and the cause remanded with directions to enter a decree giving plaintiff three months in which to redeem, with simple interest at six per cent from date of entry of decree of 1895, and taking into account the value of rents and profits received and taxes paid; the former to diminish, the latter to augment, the redemption money; stating the precise sum due from plaintiff at time of decree to be entered, and that same shall bear six per cent interest till paid, if paid within the time limited as aforesaid, and that plaintiff recover his costs. All concur.