## JACOB A. MIDDLETON v. FRANK T. BAKER and JOHN H. BUCHANAN, Appellants.

### Division One, December 2, 1914.

1. **TRUSTEE'S SALE: Mistake as to Time: Set Aside.** A mistake as to the time of sale of land advertised for sale under a deed of trust, coupled with great inadequacy of price and an offer of the beneficiary to pay all the costs of the sale made before he arrived on the ground, is a sufficient basis for setting aside the sale and ordering another sale.

2. ————: ————: ————: **Offer to Pay Costs.** Where the property was duly advertised for sale between nine and five o'clock, and was sold on the day mentioned at two o'clock, in the absence of the beneficiary in the deed of trust, who was mistaken as to the hour of sale and did not arrive until a few moments after the property had been sold by the sheriff as substituted trustee, at less than four per cent of its value and at about eight per cent of the debt, and where upon his arrival he requested the sheriff to resell the property and offered to pay all the costs then accrued and to guarantee that the property, if resold, would bring a fair market price, the sale should be set aside on the grounds of common justice.

Appeal from Callaway Circuit Court.—*Hon. N. D. Thurmond*, Judge.

AFFIRMED.

*J. R. Baker* for appellants.

The judgment of the court was not warranted by the pleadings or the evidence: (1) The only reason

alleged and the only reason shown by the evidence for setting aside the sale was the inadequacy of the price. Inadequacy of price alone is not sufficient to set aside a sale. Holdsworth v. Shannon, 113 Mo. 508; Davis v. McCann, 143 Mo. 172; Hanson v. Neal, 215 Mo. 256. Especially is this true when the inadequacy of price seems to have been due to the mortgagor's own conduct or to his carelessness or his indifference to his interests. 27 Cyc. 1507. As the sale is made at the instance of the beneficiary, it is only reasonable that this doctrine should apply with equal or greater force to him. (2) The effect of the judgment is to grant respondent relief from a situation brought about by his own negligence. One cannot plead and prove his own negligence as a ground for relief. Sands v. Brewing Co., 131 Mo. App. 416; Felver v. Railroad, 216 Mo. 211. And this doctrine applies to sales under mortgage or deed of trust. 27 Cyc. 1507. The evidence in this case shows that the respondent was not at the sale to protect himself through sheer negligence. He knew the time and place, had fixed these himself, and was at or near the place of sale at the time of the sale, but failed to attend. (3) Equity demands that he who seeks equity must come with clean hands. The respondent in this case certainly does not come with clean hands. (a) Because his own evidence shows that although he only loaned the negroes, debtors and grantors in the deed of trust, the sum of fifty dollars, yet he held their note in the sum of two hundred and twenty-seven dollars secured by the deed of trust under which this sale was made. (b) Because respondent's own evidence shows that he stayed away from the sale in order and with the purpose of having the sale at an unusual hour, at a time known to no one but himself and to suit no one but himself. This court has a right to draw reasonable inferences as to the motive for such conduct. The evidence shows that respondent was familiar with such sales and had conducted a number in his own

way.  (4)  Respondent has not offered to refund to appellants the money which they have spent or shown any disposition to put them *in statu quo*.

*E. L. McCall* for respondent.

(1)  Plaintiff had no agreement with the sheriff trustee that the land was to be sold between one and two o'clock in the afternoon—the evidence shows nothing of the kind.  The evidence shows that the plaintiff was innocently mistaken as to the time the land would be sold—thinking it could be sold any time between the hours of nine o'clock in the forenoon and five o'clock in the afternoon, as stated in the deed of trust.  Plaintiff reached the place of sale ten minutes after two o'clock, and learned that the land had just been sold—and then and there he demanded of the sheriff-trustee a resale of the property—offering to pay all costs and make the land bring the full amount of his debt, amounting to $338.  One witness testified that he desired bidding on the land, but reached the place of sale too late.  He also stated the value of the land to be $600 or $800.  The sheriff stated that he never paid the purchase price of the land over to plaintiff.  In Griffith v. Handley, 10 Bosw. 587, cited in Holdsworth v. Shannon, 113 Mo. 523, it was held that such a mistake as to time of sale was a case of surprise, which coupled with inadequacy of price, justified setting the sale aside.

WOODSON, P. J.—This is an act brought in the circuit court of Callaway county, by the plaintiff against the defendant to set aside a sale of real estate, sold under a deed of trust, executed to secure borrowed money.

The grounds for relief, as charged, were fraud, mistake, surprise and inadequacy of consideration paid for the land, etc.

The judgment was for the plaintiff and the defendant appealed to the Kansas City Court of Appeals, and that court certified the case here under the Constitution.

The record is short, the facts few and practically no conflict in the testimony.  The facts of the case are substantially as follows:

On and prior to July 1, 1905, N. M. Baker, Lidia Baker, William Baker and Nancy Baker owned forty acres of land situate in Callaway county, Missouri, particularly described in the petition.  On that date they made and delivered to the plaintiff, James A. Middleton, their promissory note for the sum of $227.20, bearing eight per cent interest, due one day after date, and executed the deed of trust conveying said land to secure said loan.  Said note not having been paid when due, the plaintiff requested the defendant, John H. Buchanan, the sheriff of said county, the substituted trustee (the one named in the deed of trust having died), to advertise and sell the land to pay said note. In pursuance to said request and according to the terms of said deed the trustee advertised the land for sale at the west front door of the court house, at Fulton, on August 1, 1910, between the hours of nine o'clock in the forenoon and five o'clock in the afternoon, and on said day at the hours of two o'clock p. m. he sold said land to the defendant Frank T. Baker, for the sum of $26, a stranger to all the transactions.

All the Bakers save the last one mentioned were negroes; and the latter was an old friend of the makers of the note, and claimed to have acted for them in the purchase of the land at the trustee's sale, but he never mentioned that fact to the trustee or anyone else present at the sale; and if I understand the record there was no evidence introduced tending to show he was acting for the makers.  At the time the sale took place neither the plaintiff nor any of the makers of

262Mo26

the note were present, which fact was known to the trustee.

There was other land sold immediately preceding the time the sale of this forty acres took place. There was a large crowd present, but only two bids were made for this land. The defendant Baker being one of them, and he being the highest bidder, became the purchaser; and he immediately paid the purchase price, and the trustee executed to him a trustee's deed conveying to him the land mentioned.

The weight of the evidence shows that the plaintiff was innocently mistaken as to the time the land was to be sold, and for that reason was not present at the exact moment the sale took place, but appeared a very short time thereafter; but a few minutes. Upon learning of the sale he immediately, then and there, requested the trustee to resell the land, but the trustee declined to so do—hence this suit.

At the date of the sale there was due on the note the sum of $338, and the evidence tended to show that the land was worth from $600 to $800.

The plaintiff contends, and the greater weight of the evidence shows, that he was innocently mistaken as to the exact hour at which the sheriff would offer the land for sale, and for that reason he was a few minutes too late to be present at the sale, and was therefore taken by surprise.

In addition he contends that because of the fact that the land sold for only $26, about eight per cent of the debt, and from three to four per cent of the value of the land, the sheriff should have declared the sale void and resold it, especially in the light of the facts that plaintiff offered to pay all the costs then accrued, and offered to guarantee that the land, if resold, should bring its fair market value.

In the case of Griffith v. Hadley, 10 Bosw. 587, it was held that a mistake as to the time of sale, coupled with the fact of inadequacy of consideration paid

therefor, without much competition, justified the court in setting aside the sale, and ordering a resale. That case was cited with approval in the case of Holdsworth v. Shannon, 113 Mo. l. c. 523.

If those authorities are to be followed in this case, which I think they should be, upon the grounds of equity and common justice, we must hold that the sheriff did not properly perform his duties in the premises, but should have set the sale aside and resold it, then and there, if the bidders had not dispersed, which the evidence strongly tends to show they had not, or if they had done so, then readvertised it for sale for some future date, according to the terms of the deed of trust.

Entertaining these views I am satisfied that the judgment of the circuit court should be affirmed. All concur.